CASE 95—PETITION EQUITY—FEBRUARY 18.

# Louisville & Nashville R. R. Co. v. Louisville Southern Ry. Co.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. CONTRACTS—CONSTRUCTION.—Under a written contract between two railroad companies, by which one gives to the other the right to run its cars over certain tracks belonging to it in a city, for which "the party of the second part agrees to pay to the party of the first the sum of twenty-five cents for each car which passes over said line of main tracks, or any part thereof, coming from or going to points in Lexington or any siding in said city lying east of Merino street, excepting only empty freight cars, and such loaded freight cars as are destined to or originate at points outside of Lexington," the exception applies to all empty freight cars, and not only such as are "destined to or originate at points outside of Lexington," that qualification of the exception applying only to loaded freight cars.

   The rule in the construction of contracts and all written instruments is that where there is no ambiguity in the words employed, the courts can not put upon them any interpretation contrary to that which the words signify. (Connelly v. Magowan, 3 Mon., 153.)

BRECKINRIDGE & SHELBY FOR APPELLANT.

1. In order to effectuate the manifest intention of the parties, courts

Louisville & Nashville R. Co. v. Louisville Southern Ry. Co.

in considering written instruments, will transpose, not only words, but sentences, and will supply whatever mere letters or words may be technically necessary to express in grammatical form an intention otherwise fairly apparent.

EDWARD COLSTON AND R. A. THORNTON FOR APPELLEES.

1. While it is true that when the terms of a written contract are ambiguous, the subject matter of the contract and the presumed object of the parties are admissible and pertinent considerations, and the words employed should be harmonized as far as possible and interpreted consistently with common sense. But where there is no ambiguity as in this case, there can be no interpretation contrary to the words. (Connelly v. Magowan, 3 Mon., 153)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The Kentucky Central Railroad Company, the control of which subsequently passed to the appellant, the Louisville & Nashville Railroad Company, entered into an agreement with the appellee, the Louisville Southern Railway Company, whereby certain trackage rights in the city of Lexington, were accorded to the Louisville Southern Railway Company. The contract, after reciting the ownership and possession by the Kentucky Central Company of certain rights of way, tracks and terminal facilities in Lexington, and that it was desired to facilitate the interchange of traffic, granted to the Louisville Southern Railway Company the privilege of connecting its tracks at a point a little west of Cox Street and agreed to give the latter company trackage rights, as in the agreement specified, over its tracks from the junction near Cox street to the stock yards and insane asylum in one direction and to Merino street in the other.

The controversy arises under the 5th clause of the agreement, which provides as follows: "For the use of the trackage rights over the line of railroad described in paragraph first, which are herein conferred, the party of the second part agrees to pay to the party of the first the sum of twenty-five cents for each car which passes over said line of main track or any part thereof, coming from or going to points in Lexington, or any siding in said city lying east of Merino street, excepting only, empty freight cars and such loaded freight cars as are destined to or originate at points outside of Lexington on or beyond first party's line of railroad, and are hauled over said first party's line of railroad, and 75 cents for each loaded car passing over said tracks, or any part thereof, and using any sidings or yards situated between the aforementioned junction near Cox street, the stock yards and insane asylum."

The particular dispute is upon the words, "excepting only empty freight cars."

It is contended on the part of appellant (lessor), that the contract provided for trackage for two classes of cars: First, those which passed over the track in question coming from or going to points in Lexington east of Merino street, as to which a rate of 25 cents per car was to be charged; and second, those which passed over the track and used the Kentucky Central sidings or yards situated between the junction points and the stock yards and insane asylum, as to which a rate of 75 cents per car was to be charged. And

as to the controversy relating to the 25-cent class upon the proper construction of the words exempting from the rate certain cars which were entitled to free passage, appellant's contention is that it was not intended by the language used to give all empty freight cars free trackage rights by the exception, but that the words, "as are destined to or originate at points outside of Lexington," etc., relate to, and should by the court be restricted to empty freight cars, as well as to loaded freight cars, and that such empty freight cars as did not come within the condition thus claimed to be provided by the contract must pay the 25-cent rate.

It is urged that by looking at the situation at the time the contract was made, when the lessee (appellee), sought the privilege of entering Lexington, it having then no entrance of its own into the city and being dependent entirely upon lines with which it was more or less in competition, it would naturally be required to pay trackage for all cars whose travel over the tracks of the appellant (lessor), would not be of benefit to appellant, and that cars coming from or going to points beyond the line of the lessor would naturally be admitted to free trackage, in order that the lessor company might stimulate such business over its main line from points beyond its terminus, by giving free use of its tracks to such cars as came from or went to points beyond its line, in order to entitle itself to its *pro rata* of the freight which such cars carried, which would thereby be increased.

It is urged further that the grammatical construction placed by the appellee upon the wording of the sentence is too narrow, and that the court should disregard it in order to effectuate what is claimed to be the manifest intention of the appellant in making the agreement as shown by its situation at the time, and the facts that such a construction would be of far greater benefit to it. This argument would be unanswerable if addressed to the appellant's officers at the time of entering into the contract.

But in construing a written contract in which there is no ambiguity of language, the courts are confined to the language which the parties elected to use; and the language of the contract, after providing that all cars coming from or going to points in Lexington east of Merino street should be charged 25 cents each, proceeds thus: "Excepting only empty freight cars and such loaded freight cars as are destined to or originate at points outside of Lexington," etc.

It will be seen, therefore, that the excepting clause covers two classes of cars, 1st, empty cars and 2d, loaded freight cars which come from or go to points outside of Lexington beyond the Kentucky Central line of road. This language, "excepting only empty freight cars and such loaded freight cars as are destined to, or originate at points outside of Lexington," etc., grammatically and logically signifies that all empty freight cars are excepted from the 25-cent rate, and that such loaded freight cars as are destined to or originate at points beyond appellant's line are also

exempt.   The rule applying to the construction of contracts is that where there is no ambiguity in the words employed, the courts can not put upon them any interpretation contrary to that which the words signify, and this rule applies equally to the construction of statutes and every kind of written instrument.   (Connelly v. Magowan, 3 Mon. 153).

There appears to us not to be the slightest ambiguity in the language, and therefore no room for us to affix to them an interpretation contrary to the meaning of the words used.   The exception as to the empty freight cars is absolute, the language being "excepting only empty freight cars."   The word "such" which precedes the other class of cars provided for in the exception, viz., "loaded freight cars, etc.", is omitted from that part of the clause which refers to the empty freight cars, and the words, "such * * as are destined to or originate at points outside of Lexington," etc., refer and can refer—only to the words which are included in the blank, viz., "loaded freight cars," and can not be extended so as to relate to or qualify the words "empty freight cars," which precede that clause.

We do not feel justified, in the absence of any ambiguity, to interpolate the word "such" before the words "empty freight cars," in order to make the clause susceptible of the construction contended for by apellants.

It follows, therefore, that the judgment of the lower court must be affirmed.