NEW AMSTERDAM CASUALTY CO. v. EAST TENNESSEE TELEPHONE CO. et al.

(Circuit Court of Appeals, Sixth Circuit. July 21, 1905.)

No. 1,364.

INSURANCE AGAINST LIABILITY FOR NEGLIGENCE—ACTION ON POLICY—DEFENSES.

Under a policy insuring a company against loss from liability for damages on account of personal injuries due to its negligence, which provided that, in case of a suit to enforce a claim for injuries within the policy, the insurer should be notified, and should defend the suit "or settle the same," where the attorneys and agents representing the insurer made a settlement of such a case for more than the amount of the policy, with the assent of the assured, which paid the money, further provisions of the policy prohibiting settlements by the assured without consent in writing of the insurer, that it should be liable only after final judgment against the assured, etc., have no application, and constitute no defense to an action to recover on the policy on account of the claim so settled; nor can it deny, as against the assured, the authority of the agents and attorneys employed by it and acting in its behalf to make the settlement.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

This is an action to recover under a policy of indemnity insurance. The New Amsterdam Casualty Company (hereafter styled the "Insurance Company") undertook to indemnify the Cumberland Telephone Company against loss from liability for damages on account of bodily injuries caused by its negligence, liability in any one instance not to exceed $5,000. During the currency of this contract an action was brought at Frankfort, Ky., against the telephone company by Miss Hedger, a citizen of Kentucky, resident at Frankfort, to recover $25,000 damages on account of injuries sustained through the alleged negligent conduct of the telephone company's business in that city. The casualty company was notified both of the happening of the accident and of the bringing of the suit, and at once employed attorneys, and undertook to defend the case, as it was bound to do. Investigation convinced both the telephone and insurance companies that the injury sustained by the plaintiff in the case was very serious, and the case indefensible, and that a judgment in excess of the liability of the insurance company to the telephone company was

very probable. In this condition of affairs, and just as the case was about to be brought to trial, a settlement was reached, by which her expenses of litigation, including her counsel fees and court costs, and the sum of $8,000, was to be received in full satisfaction, and her suit dismissed. A check or draft for $10,085.25 was thereupon given to Judge Ira Julian, the attorney of the insurance company at Frankfort, engaged in defending the suit, and paid over by him to Miss Hedger or her attorneys in full settlement for the amount agreed upon. Upon receipt of this sum she dismissed her suit. Thereupon the telephone company demanded that the insurance company should pay to it the amount of $5,000 and $17.10, one-half the costs of suit, in accordance with the terms of the contract of indemnity. This the insurance company refused to do, denying its liability to pay anything whatever. Thereupon this suit was brought, and the plaintiff recovered a judgment for the sums sued for, with interest. This writ of error has been sued out to reverse this judgment.

C. T. Boyd, for plaintiff in error.

J. J. Vertrees, for defendants in error.

Before LURTON and SEVERENS, Circuit Judges, and THOMPSON, District Judge.

LURTON, Circuit Judge (after stating the facts). The insurance company at the close of all the evidence requested the court to instruct the jury to return a verdict for it. This the court refused, and an exception has been saved. The insurance company then requested a number of special charges, based upon certain provisions of the policy. Most of these were denied, and error is assigned. The case was then submitted to the jury upon a charge not excepted to in any matter now relied upon. This charge, in effect, instructed the jury that the plaintiff would be entitled to recover the amount sued for if they should find that the insurance company and Miss Hedger had agreed upon a sum to be paid in settlement of her claim against the telephone company, and that the telephone company had assented to the terms of settlement, and had paid the money, at the instance of those acting for the insurance company, necessary to carry out the settlement. The question as to whether the persons assuming to represent the insurance company in the settlement made with Miss Hedger had authority to act for it in settling, or whether the plaintiffs were authorized to assume that they had the authority they assumed to have, were questions of fact, in respect to which there was conflicting evidence; and these questions were submitted to the jury upon a charge which, in this aspect of the case, was not excepted to. Upon this issue the jury have found, as we must assume for the purpose of the present hearing, in favor of the contention of the plaintiff. The insurance company, upon the other hand, contended that the case must turn upon certain provisions of the policy. Upon this insistence they bottomed a motion for a peremptory instruction. This being denied, the same matter was again presented in certain requests for special charges, which the court also denied. Exceptions were duly taken to the action of the court, and upon these exceptions the assignments of error have been predicated. The character of the requests denied is sufficiently indicated by the motion for a peremptory instruction, the grounds of that motion having been reduced to writing. If that motion was

properly denied, the special requests were also properly denied, as they. cover the same ground. The grounds of the motion were as follows:

"Comes the defendant, the New Amsterdam Casualty Company, all proof having been introduced by both sides, and moves the court to direct a verdict for it upon the following grounds, to wit:

"First. Because the policy of insurance or contract on which plaintiff bases and predicates this suit provides 'that the assured shall not settle any claim arising thereunder, except at its own cost, without the consent to the company previously given in writing,' and no waiver of this provision by the defendant is shown to have been made in writing.

"Second. Because the contract of insurance on which plaintiff bases and predicates its suit provides 'that the assured shall not incur any expense nor interfere in any legal proceeding brought against it for which the company might be liable to it, without the consent of the company previously obtained in writing,' and no waiver of this provision by the defendant is shown to have been made in writing.

"Third. Because the contract or policy of insurance on which plaintiff bases and predicates its suit provides 'that no action shall lie against the company as respects any loss thereunder, unless the action be brought to reimburse the assured for a loss actually sustained by it, after a trial of the issue, and in satisfaction of a final judgment against it,' and no waiver of this provision by the defendant is shown to have been made in writing.

"Fourth. Because the contract or policy of insurance on which plaintiff bases and predicates its suit provides 'that no action shall lie against the company as respects any loss thereunder, unless brought within the period within which a claimant might sue the assured for damages, unless at the expiration of such period there is such an action pending against the assured, in which case an action may be brought against the company by the assured within thirty days after final judgment has been rendered and satisfied as above,' and no waiver of this provision is shown to have been made by the defendant in writing.

"Fifth. Because the contract or policy of insurance on which plaintiff. bases and predicates its suit provides 'that an agent has no authority to change this policy or to waive any of its provisions, nor shall notice to any agent or knowledge of his, or of any person, be held to effect a waiver or change in this contract or in any part of it. No change whatever in this policy, nor waiver of any of its provisions or conditions shall be valid, unless an endorsement is added hereto signed by an officer of the company at its home office expressing such waiver or change,' and no waiver or change of this provision has been agreed to or signed by any officer of the defendant, and indorsed or added to said contract."

The trial judge rightly concluded that the special provisions of the policy upon which the defendant's motion was based, although constituting a part of the contract, were not applicable to the circumstances of this case. After providing by the first clause of the special provisions of the policy, called "General Agreements," that the assured should, upon the occurrence of an accident, give immediate notice, etc., the second clause then provides as follows:

"If thereafter any suit is brought against the assured, to enforce a claim for damages on account of an accident covered by this policy, immediate notice thereof shall be given to the company and the company shall defend such suit in the name and on behalf of the assured, or settle the same."

Thus the obligation of the insurance company was to defend the suit in the name of the assured, or "settle same." The contract does not contain any provision in respect to how or through what agency the insurance company should either defend or settle.

Those were matters for its own determination. It might settle the suit through its attorneys, or through some local or general agent, or by some agent specially appointed. It was a corporation, and could act only through some agency. The assured was not at all concerned, provided the settlement did not exceed the indemnity for which the insurer was liable, as to how or by whom it should settle any suit it was contractually bound to defend or settle. This defense it was to make in the name of the assured, and implied an obligation to defend in good faith. Inasmuch as its own liability was limited, it was bound to take care that no unnecessary liability was cast upon the assured by a negligent defense. So with its obligation to settle. So long as it should settle within the limit of its contractual obligation, the assured was not concerned. But a settlement in excess of that would require the consent of the assured, who would have to pay the excess. To enable the insurance company to defend or settle, the assured was required, upon request, "to aid in securing information and evidence and in effecting settlements." But this was the extent of the right of the assured in the matter of settlements, unless it should make a settlement of its own volition. In this case it could not call upon the insurer for reimbursement unless its action in settling a claim was done with the consent of the insurer "previously given in writing." But if the fact was that Miss Hedger's suit was settled upon an agreement between the insurance company and herself, and the money paid by the plaintiff, at the instance of those who had represented the insurance company in the defense and in settlement of the Hedger suit, none of the provisions of the policy referred to in the requests of the defendant would have any application in a suit for the recovery of money so paid by the insured, to the extent of the indemnity due under the other terms of the contract of insurance. The distinction between a settlement made by the insurance company, and assented to by the assured, and one made by the assured and assented to by the insurance company, may not be a very wide one. But when the insurance company endeavors to defeat a claim otherwise indefensible by appealing to a term of the contract providing that it shall be bound by no settlement made by the assured to which it has not consented in writing before the settlement, the distinction is vital. There was no restriction contained in the policy bearing upon the manner or agencies by which the insurance company should fulfill its obligation to defend or settle suits against the assured on account of accidents within the terms of the policy, and no express provision in respect to the liability or its mode of enforcement when the assured should assent to a settlement so made, and, at the request of the insurer, furnish the money to meet a settlement made by the insurer. There was evidence from which the jury might reasonably find that the settlement made was one made by agents of the insurer authorized to defend or settle or by agents whom the assured were justified in assuming had authority to settle or defend. Any limitation which in fact may have been imposed upon Messrs. Watkins & Thompson,

as general agents and attorneys, or upon Judge Julian, the local attorney employed to defend the suit, were not known to the assured; and the evidence tended to show that the assured had in good faith accepted their assumption of authority to settle, and had paid the amount agreed upon, believing that they had acted within their authority. In this view, the court did not err in refusing to submit the case to the jury, and did not err in denying charges upon provisions of the policy which had no bearing upon the real issue of the case, and would have only tended to mislead the jury.

The errors assigned are therefore overruled, and the judgment affirmed.