# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

---

Dennís A. Kennelly, Plaintiff, v. London Guarantee and Accident Company, Limited, Defendant.

First Department, July 11, 1918.

**Insurance — indemnity insurance — release of insurance company from liability by settlement by assured without consent of insurer in violation of policy.**

Where an assured settles a claim for damages without the consent of the insurance company, in violation of a provision of the policy of indemnity insurance that " the assured may settle any case at the company's expense if the company shall have previously given its consent in writing," the company is released from all liability to the assured.

Submission of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

The dispute is between the assured and the insurer on an indemnity policy written to protect the assured from liability for personal injuries caused by the use of his automobile.

*W. E. Kisselburgh, Jr.*, for the plaintiff.

*William Butler*, for the defendant.

Smith, J.:

The policy was the usual indemnity policy whereby the defendant agreed to indemnify the plaintiff against loss

from the liability imposed by law upon the insured for damages on account of bodily injury, including death, resulting at any time thereafter, suffered by any person or persons as a result of accidents occurring within the period therein stated, through the ownership and maintenance of the plaintiff's automobile.   The policy was a $10,000-policy, in which, however, liability on account of an accident to any one person was limited to $5,000.   In November, 1914, while said policy was still in force, an accident occurred in the city of New York from a collision between the said automobile and a motor cycle ridden by one Theodore Kleisrath and Harold Murphy, resulting in injuries to both of said parties. Thereafter the plaintiff was sued by both of said injured persons and a judgment in favor of Kleisrath was recovered, amounting to $12,643.03, and a judgment in favor of Murphy for $350 and in favor of his father for $50.   The defendant, who was conducting this litigation, as it lawfully might under the insurance policy, thereupon appealed from the judgment to the Appellate Division of the Supreme Court.   Security was given to perfect the appeal but security was not given to stay execution.   It seems that the defendant offered to give security to stay execution of the judgment to the extent of its liability under its policy, but plaintiff was unable to furnish security for the balance of the judgment and was threatened by the judgment creditors with a body execution, inasmuch as an execution against the plaintiff's property had been returned unsatisfied.   The Murphy judgments were paid by the defendant.   After Kleisrath had threatened to issue a body execution against this plaintiff upon his judgment, this plaintiff, without the consent of the defendant company, settled that judgment by payment of the sum of $6,000.   The plaintiff then demanded reimbursement from this defendant to the extent of its liability under the policy, which demand was wholly refused by the defendant upon the ground that the settlement of the Kleisrath action by the plaintiff without the knowledge or consent of the defendant released the defendant from all liability under the policy. This claim was made under clause " C " of the general agreements recited in the policy, which reads as follows:   " The assured may settle any case at the assured's own expense,

giving immediate notice thereof in writing to the company, and the assured may settle any case at the company's expense, if the company shall have previously given its consent in writing."

Under this clause in the policy, we think that a settlement by the plaintiff, without the consent of the defendant, has released the defendant from all liability to the plaintiff. The defendant sought to continue its appeal but the case was dismissed by the appellate court on the ground that it had been settled with the plaintiff, so that the defendant was deprived of all opportunity to review its liability upon appeal. The parties might lawfully stipulate where the case was settled by the assured without the consent of the insurer, and the insurer's right to contest the claim was thus destroyed, that the obligations under the policy might cease. The parties have so stipulated and I am unable to see, therefore, how any obligation on the part of the defendant survives the settlement of the Kleisrath action by the plaintiff without the defendant's consent.

Judgment should be directed for defendant, with costs.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment directed for defendant, with costs. Order to be settled on notice.