## Royal Indemnity Company v. Jenkins Construction Company et al.

(Decided May 2, 1933.)

WOODWARD, HAMILTON & HOBSON for appellant.

H. L. JAMES for appellees.

Opinion of the Court by Judge Ratliff—Reversing.

Appellees, Jenkins Construction Company, Mildred Carroll, widow of J. H. Carroll, deceased, and the children of deceased, instituted this suit in the Hardin circuit court to recover of appellant, Royal Indemnity Company (hereinafter called the insurance company), a policy of insurance issued by appellant to Jenkins Construction Company, a corporation operating under the provisions of the Workmen's Compensation Law (Ky. Stats. sec. 4880 et seq.) by the terms of which policy it agreed "to pay promptly to any person entitled thereto, under the Workmen's Compensation Law, *and in the manner therein provided. * * *"* And the policy further provided that it should apply to such injuries sustained by any person or persons employed by the Jenkins Construction Company and should cover such injuries so sustained by the president, vice president, secretary, or treasurer. The petition alleges, in substance, that in November, 1928, while the contract was in force, J. H. Carroll, who was treasurer of Jenkins Construction Company, was traveling in an auto-

mobile from Elizabethtown to Munfordville where the company was engaged in constructing a building, and a collision occurred between the automobile in which Carroll was traveling and an automobile operated by Reed Bolton, and, as a result of the collision, Carroll received personal injuries which resulted in his death about June 29, 1929; that, at the time of this accident, Carroll was superintending the work that was being done at Munfordville and was going there for the purpose of paying the employees; that Carroll's pay was included in the total on which the premium for the policy was based; that, by the terms of the policy, the Workmen's Compensation Law was to be treated as the basis for the indemnity to be paid Carroll's dependents, and that, by reason of his death, appellant became liable to his dependents for 65 per cent. of his average weekly earnings not exceeding $12 per week for 335 weeks; that 67 weeks had elapsed since his death, for which appellant owes $804 plus $200 hospital and medical expenses and $75 funeral expenses; that the contract sued on was made by Jenkins Construction Company for the use and benefit of Carroll and his dependents. The prayer of the petition is for $1,079.

General and special demurrers to the petition were filed and overruled.

A trial was had by jury, and resulted in a verdict and judgment in favor of the plaintiffs, appellees, from which results this appeal.

In appellant's motion and grounds for a new trial, it assigns numerous alleged errors of grounds for reversal. But it will not become necessary to consider all of these. The question to be determined is whether or not the circuit court had jurisdiction to hear and determine this cause, or whether the Workmen's Compensation Board was the proper forum. Appellant filed its answer in which it first denied the material allegations of the petition, and further pleaded affirmatively, among other things, that the Workmen's Compensation Board had sole and exclusive jurisdiction to determine the controversy alleged in the petition and that the Hardin circuit court had no such jurisdiction.

It is argued for appellees that the Workmen's Compensation Law referred to and made a part of the policy applies only to the sum recoverable and the man-

ner of payment thereof. Taking the first paragraph of the policy, 1 (a), standing alone, may be sufficient to support the contentions of appellees. Said paragraph reads:

"Royal Indemnity Company Does Hereby Agree with this Employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows: One (a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due. (1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and (2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law. It is agreed that all of that provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this Policy, while this Policy shall remain in force. Nothing herein contained shall operate to so extend this Policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached."

Thus it will be seen that the above-quoted paragraph relates to the manner of payment, but in another part of the policy, under paragraph D, the applicability of the Workmen's Compensation Law is enlarged upon and extended so as to include any matter subject thereto. Paragraph D in full reads as follows:

"The obligations of Paragraph One (a) foregoing are hereby declared to be the direct obliga-

tions and promises of the Company to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent the Company is hereby made directly and primarily liable under said obligation and promises. This contract is made for the benefit of such employees or such dependents and is enforceable against the company, by any such employee or such dependent in his name or on his behalf, at any time and *in any manner permitted by law,* whether claims or proceedings are brought against the Company alone or jointly with this Employer. If the law of any state in which the Policy is applicable provides for the enforcement of the rights of such employees or such dependents, by any commission, Board or other state agency for the benefits of such employees or such dependents, then the provisions of such law are made a part hereof, *as respects any matter subject thereto, as fully as if written herein.* The obligations and promises of the Company as set forth in this paragraph shall not be affected by the failure of this Employer to do or refrain from doing any act required by the Policy; nor by any default of this Employer after the accident in the payment of premiums or in the giving of any notice required by the Policy, or otherwise; nor by the death, insolvency, bankruptcy, legal incapacity or inability of this Employer, nor by any proceeding against him as a result of which the conduct of this Employer's business may be and continue to be in charge of an executor, administrator, receiver, trustee, assignee, or other person." (Italics ours.)

The reference to the Compensation Law in this paragraph does not contradict paragraph 1 (a) but merely enlarges upon it and extends it so as to include the provisions of the Workmen's Compensation Law relating to *"any matter subject thereto."* The phrase "any matter subject thereto" is inclusive in its terms, and therefore we think the Workmen's Compensation Law applies to the manner of procedure to enforce collection as well as the manner of payment as provided for in paragraph 1 (a). Paragraph G of the policy reads:

"No action shall lie against the Company to

recover upon any claim or for any loss under Paragraph One (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this Employer after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless. brought within two years thereafter.''

It is not alleged in the petition that the amount of the claim or loss had been fixed or rendered certain by judgment or by agreement as provided for in the above paragraph. We think this alone sufficient to bar appellees' rights to maintain an action without first having complied with the provisions of this paragraph as. a right precedent to maintain the action.

According to the allegations of the petition, which we take as true, Carroll received the alleged injury while engaged in the performance of a duty under his employment, and therefore the terms and provisions of the Workmen's Compensation Act of Kentucky were applicable thereto for all purposes and intents.

It is insisted for appellees that, if the contract is. ambiguous, the constructions more favorable to the insured would be adopted. We concede this to be the law in case of ambiguity or uncertainty of construction of insurance policies, but we are unable to conceive such ambiguity in the policy in question. In the first part. of Paragraph D it is declared to be the direct obligations and promises of the company to any injured employee of the company, but it is qualified by the further phrase *"in any manner permitted by law,"* and immediately following this provision it is provided that,. "if the law of any state in which the policy is applicable provided for the enforcement of the rights of such employees or such dependents by any Commission, Board, or other state agency, then the provisions of such law are made a part hereof, as respects *any matter subject thereto,* as fully as if written herein.'' Every part of a contract should be taken into consideration in arriving at the intentions of the parties. In support of appellee's contentions, they cite the cases of Iott v. Continental Casualty Co., 129 Kan. 650, 284 P. 823, and Robertson v. Board of Com'rs of Labette County, 122 Kan. 486, 252 P. 196, 198. In the cases supra, the insurance policies involved were similar to the one in the

instant case. In the Iott Case, supra, it was held that, inasmuch as Iott's injury was sustained while in the performance of an act not covered by the policy as relating to his employer's business, the employer was not liable under the Workmen's Compensation Law of the state of Kansas, and for that reason the employee could recover on the policy in a direct proceeding against the insurance company. In the Robertson Case, supra, the insured was employed by the board of commissioners of Labette county, engaged in the construction of a highway. The board procured insurance under the provisions of the state Workmen's Compensation Law, purporting to insure its employees. It was held that the county, under the laws of the state of Kansas, was without power or authority to procure insurance for its employees under the provisions of the Workmen's Compensation Law of that state, and that the insured could not recover against the county, but by the terms of the policy under paragraph D, (being the same language as in paragraph D of the policy in the instant case), it was provided, in substance, that the death, insolvency, bankruptcy, legal incapacity or inability of the employer should not affect the employee's right of recovery.

The court further said, "There is no reason to assume that the members of the board of county commissioners, or the representatives of the insurance company, did not know that the county, in improving roads, was not under the provisions of the Workmen's Compensation Act," and that the company issued the policy and received the consideration therefor; it therefore could not escape liability to the employee because of the invalidity of the contract in so far as the county was concerned, and that the employee could maintain its action against the company to recover under the policy.

We think that the Iott Case, supra, is distinguished from the instant case, in that, the injury received was not connected with his employment under the terms of the policy, and the Robertson Case, supra, is distinguished, in that the county was not legally liable under the contract of insurance, for which reason the action could not be maintained under the Workmen's Compensation Law, but could be maintained by common-law action in the courts.

There is, however, language used in the opinions, supra, which might indicate that the court intended to hold that the employee could maintain its action in the courts for recovery under the policy in any event, i. e., regardless of where and how the injury complained of was sustained, and that the employee is not restricted to any particular forum. If this be the proper construction intended by the Kansas court, we are unwilling to concur therein. If Carroll had sustained the injury complained of while engaged in an act not relating to or in connection with the business of his employer (as in the Iott Case), or if the contract between the insurance company and the Jenkins Construction Company (Carroll's employer), had been invalid (as in the Robertson Case), a different question might have been presented. But that question is not before us except arguendo, and it is not necessary for us to pass on that point. Carroll's injury complained of, was sustained while engaged in his employment covered by the policy, and the contract between the Jenkins Construction Company and the insurance company was valid and enforceable under the Workmen's Compensation Law, and we think, under the terms of the policy, particularly that part of paragraph D which relates to the Workmen's Compensation Law, requires the procedure or method of collection to conform to the provisions of that law. Section 4882, Ky. Stats.; Grannison's Adm'r v. Bates & Rogers Const. Co., 187 Ky. 538, 219 S. W. 806. To hold otherwise would nullify that provision of the contract.

Judgment is reversed and remanded for proceedings consistent with this opinion.