# D. L. Walker & Co. v. Lewis.

(Decided Feb. 5, 1937.)

B. J. BETHURUM for appellant.

H. C. KENNEDY for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee is the owner of a stone quarry situated at Sloans Valley, Ky. At the time of the alleged contract in dispute, appellant was engaged in road contracting, and had submitted a bid for the surfacing of the Pine Knot and Williamsburg highway in McCreary and Whitley counties. While its bid was pending, appellant approached appellee and discussed purchasing rock from his quarry for use on the highway project. In furtherance of conversations between the parties on June 6, 1934, the following memorandum was drawn in duplicate, one copy signed and held by appellant and one signed and held by appellee:

"Mr. D. L. Walker & Co.

"507 N. Broadway

"Lexington, Kentucky

"Dear Sir:

"In confirmation of our oral agreement of this date I will lease you the stone quarry now open on State Highway No. 27, about one-half mile from Sloans Valley Station on Southern Railroad in Pulaski County, Kentucky, for two cents per ton, settlement to be made on State Highway Department weights.

"It is understood that you are to get as much as 37795 tons as called for in bid of June 14, 1934,

for surfacing of the Pine Knot & Williamsburg Road in McCreary County, Kentucky. It is also understood that if you are successful in securing contract for said project that you may have right for crusher site and waste dumpy and all necessary sites for buildings necessary in doing said work getting out said stone. If you fail to get said contract, this agreement shall be null and void. If you secure your contract from State Highway this lease shall remain in force during the existence of said contract.

"D. L. Walker & Co."

On September 19, 1935, appellee sued appellant, alleging that it had failed to take the 37,795 tons of stone at 2 cents per ton as it had contracted to do, asking judgment for $755.

Appellant denied that it had made or had any contract with appellee, therefore had not breached same, admitting however, that it did not take any stone from appellee's quarry.

The case came on for trial upon the issue formed by the petition and answer. Proof was heard, and at the close of all the evidence each party moved for a peremptory instruction. The court overruled both motions and submitted the cause, the jury returning a verdict for appellee for the amount prayed, and on this verdict the court entered judgment. Motion for a new trial was overruled, and this appeal results.

It is insisted by appellant that the court erred in refusing to direct a verdict for it at the close of the plaintiff's evidence, because the writing upon which plaintiff's claim is based is not a contract, nor did it contain any of the elements of a contract; the letter shows only a proposition made, and fails to show acceptance either orally or in writing; the verdict is flagrantly against the evidence and the result of passion and prejudice.

It is contended for appellee that (1) the entire contract was in writing; (2) the fact that both parties did not sign the same paper in no way affected the validity of the contract; (3) no fraud or mistake was alleged, hence oral testimony could not vary its terms; (4) ap-

pellee was entitled to a peremptory; (5) the evidence supports the finding, hence the court cannot now overturn the verdict.

It is admitted that appellant did get the road contract and carried it to completion, and did not quarry or take any stone from appellee's quarry. It is further agreed that on June 6, 1934, Mr. D. L. Walker wrote the original of the above-quoted memorandum and signed it, and a daughter of appellee made a copy of same and appellee signed it. Mr. Walker took the copy signed by the appellee and Mr. Lewis took the copy signed by appellant.

Appellee contends that the paper shows that it was a contract of sale or lease, dependent solely on one condition, i. e., that appellant should be awarded the highway contract. Appellant contends that the words "I will lease" as used in the first paragraph of the letter clearly indicate only a willingness to lease the quarry or take the stone, hence the writing evidences an option. This argument would have considerable force and weight if the remainder of the memorandum be disregarded. However, it is not a sound rule of construction to take merely a few words, a paragraph or sentence of a paper and base a construction on such chosen words. The rule is that the contract as a whole and every part of it, is to be considered in arriving at its meaning. Royal Indemnity Co. v. Jenkins Construction Co., 248 Ky. 839, 60 S. W. (2d) 105; Martin Oil & Gas Co. v. Fyffe, 251 Ky. 517, 65 S. W. (2d) 686.

The intention of the parties is ascertained from the writing as a whole, and the main object in every case involving the construction of a contract is to ascertain and effectuate the intentions of the parties, and to do so the language used, the subject matter, and the purpose of the contract may be considered. Bullock v. Young, 252 Ky. 640, 641, 67 S. W. (2d) 941. If the contract be susceptible of two meanings, it should be construed most strongly against the party preparing or drafting it. Hawkins & Chamberlain v. Mathews, 242 Ky. 732, 47 S. W. (2d) 547.

After a careful reading of the document here in question, we do not deem it necessary to resort to the last-named rule, since it is our opinion that the memorandum evidenced a contract which is not ambiguous.

The paper clearly showed a contract for lease, or sale of a fixed quantity of stone, and at the price stated therein, dependent alone upon the one condition mentioned. This is made plain from the use of the words written in by appellant, "If you fail to get said contract, this agreement shall be null and void," and further, "If you secure your contract from the State Highway, this lease shall remain in force during the existence of the contract."

Reading the memorandum without reference to the proof introduced, we express the opinion that the court should have held the paper a valid contract, binding on both parties, and therefore should have granted appellee's motion for a directed verdict.

Regardless of our conclusion in that respect, the appellant does not stand prejudiced since its theory of the case was presented to the jury and it found against it. If the court committed error in failing to sustain appellee's motion, such error worked to the advantage rather than the prejudice of appellant, and no error is pointed out which prejudiced its substantial rights in the submission of the controversy based on the oral testimony.

Appellant contends that the paper in question was no more than an offer by appellee, and that there was no acceptance. Looking to the papers exhibited, it appears that while the names of both parties were not signed to either of the papers, they were exact duplicates, written at the same time; one signed by appellant and one by appellee. A written agreement of which there are two copies, one signed by each of the parties, is binding on both to the same extent as if each party has signed on one paper. Duplicates are treated as originals, although one may be called "original" and another "copy." 13 C. J. 304, sec. 126. We have frequently held exchange of telegrams, postcards, or letters to constitute a valid contract, if upon consideration together they evidenced a meeting of the minds.

With regard to the submission of the case to the jury, we find upon reading the given instructions that the court fairly submitted the controversial issue to the jury by saying in substance that, if they believed from the evidence that it was the understanding between the

112

parties that the plaintiff would later, if requested, give the defendant a lease on the quarry on a two cents per ton royalty basis, and it was left to the choice of defendants to decide whether they would accept said lease and stone, "you should find for defendant." Further the jury was told if they found that the agreement was conditioned alone on whether or not the defendants were awarded the contract to build the road, they should find for plaintiff.

This instruction clearly presented the issue raised by the proof adduced by the contending parties, and upon this theory of the case and the law applicable the plaintiff offered an instruction embodying precisely the same issue.

Appellant asserted in proof, and was to some extent borne out by witnesses, that there was another condition to the effect that he (D. L. Walker) told appellee that he would not close the agreement until the stone had met the usual test of the Highway Department. This is denied by appellee and his witnesses, who say that no such condition was mentioned. Appellant's pleadings make no allegation that could be construed as hinting that the memorandum did not contain all the terms of the oral agreement. But this feature does not require further discussion, since the evidence was allowed to go to the jury; it was the jury's province alone to determine its weight and sufficiency.

The only remaining contention is that the verdict is flagrantly and palpably against the evidence, and the result of passion and prejudice.

Nothing is pointed out by appellant which would indicate any bias, passion, or prejudice on the part of the jury. As to the contention that the verdict is palpably or flagrantly against the evidence, we find nothing in the record which would in any wise lead us to such a conclusion. There was ample evidence here to support the verdict of the jury. It is only in cases where there is a lack of evidence to support a verdict, or where it clearly appears that the verdict is palpably against the evidence, or that the verdict is the product of passion or prejudice, that we are justified to overthrow the verdict of a jury when the issues are fairly presented. Commercial Union Assurance Co. v. Howard, 256 Ky.

363, 76 S. W. (2d) 246, and numerous cases cited under 2 Kentucky Digest, Appeal and Error.

If the objection or contention last above named be directed to the amount of the verdict, and no doubt it is, it is sufficient to say that no proof was produced nor was any instruction tendered by appellant which would have authorized the jury to award any amount other than the sum fixed in the verdict, hence we are not called upon further to discuss that feature of the case.

We are of the opinion that no error prejudicial to the substantial rights of appellant was committed on the trial, hence the judgment is affirmed.