CLEVELAND WRECKING CO. v. STRUCK CONST. CO. et al.

No. 212.

District Court, W. D. Kentucky.

Feb. 28, 1941.

68

See, also, D.C., 41 F.Supp. 70.

James E. Fahey and Woodward, Dawson & Hobson, all of Louisville, Ky., for plaintiff.

William E. Furlong, of Louisville, Ky., for Struck Const. Co.

Lawrence S. Poston and Hal O. Williams, both of Louisville, Ky., for City of Louisville Municipal Housing Commission.

MILLER, District Judge.

The defendant, Louisville Municipal Housing Commission, on May 24, 1939, entered into a written contract with its co-defendant Struck Construction Company for the construction of a Low Rent Housing Project in Louisville, Kentucky, in accordance with plans and specifications submitted to bidders prior to the award of the contract. The work included the demolition of two buildings known as 1016–1024 Cedar Street and 1114–1122 West Liberty Street. The demolition work was sublet by the Struck Construction Company to the plaintiff Cleveland Wrecking Company in accordance with plans and specifications above referred to. Plaintiff's proposal to the Construction Company had been submitted before the Construction Company made its bid to the Housing Commission. The petition states that before making its bid to the Construction Company the plaintiff inspected the buildings to be torn down and estimated the value of their contents which it would receive under Section 14 of the Specifications; that it was informed by the Housing Commission and the Construction Company, pursuant to Special Condition 14(b) of the Specifications, that the owners of the two pieces of property above referred to had been given the right to remove "all fixtures and equipment from said premises pertaining to the business of the owners thereof;" and that its bid and contract was made on the basis of this representation and condition. On May 29th and May 31st the Housing Commission secured deeds from the owners of the two pieces of property referred to, which deeds contained provisions giving the owners the right to remove and retain from the property being conveyed all machinery, equipment and fixtures contained in the building on the property. By reason of these conveyances the plaintiff was prevented from acquiring in the performance of its demolition contract certain fixtures in the two buildings, valued by it at $1,079.75 and $5,682.96 respectively. This action is brought by the Cleveland Wrecking Company to recover from the Struck Construction Company and the Louisville Municipal Housing Commission the said sum of $6,762.71, being the value of the fixtures in the two houses of which it was deprived. Defendants have moved to dismiss the action.

Defendants contend that the phrase "all fixtures and equipment from said premises pertaining to the business of the owners thereof" means all fixtures of every kind and such equipment as pertained to the business of the owner, and that therefore in making its bid and contract the plaintiff never acquired any right to any of the fixtures in the premises. The plaintiff contends that the phrase under consideration means that the owners had a right to remove all fixtures pertaining to the business of the owner and all equipment pertaining to the business of the owner and that thereby the plaintiff acquired in the making of its contract the right to take such fixtures as did not pertain to the business of the owner. Accordingly, it will be seen that whether the plaintiff or the defendants prevail in this action depends entirely upon what construction is to be

given to the defendants' representation to the plaintiff that the owners of the two pieces of property had been given the right to remove "all fixtures and equipment from said premises pertaining to the business of the owners thereof."

Both plaintiff and defendants advance reasons for construing the phrase according to their respective viewpoints. Upon first consideration the phrase appears susceptible of either construction. Under these conditions resort must be had to the well established rules governing the construction of written contracts. The principal rule and the one which should first be applied is that the contract should be construed according to the intention of the contracting parties as gathered from the words of the entire instrument, and from the circumstances surrounding the parties at the time when the contract was made._ D. L. Walker & Co. v. Lewis, 267 Ky. 107, 101 S.W.2d 685; Johnson v. Stumbo, 277 Ky. 301, 126 S.W.2d 165; Myers Bros. v. Hager, 266 Ky. 3, 98 S.W. 2d 36. It is necessarily admitted by all parties that the phrase "pertaining to the business of the owners thereof" qualifies in any event the word "equipment"; whether or not it also qualifies the word "fixtures" is the question. It is a fair assumption from the use of the phrase "business of the owners thereof" that the owners of the two pieces of property were engaged in business in those locations. Since they were being required to move in order to make way for the low cost housing project it was naturally contemplated that they would move their businesses to new locations. Any new locations finally acquired by the owners would have in them the usual fixtures pertaining to any house and such as were in the houses which they had just left. Accordingly, all they would need in order to resume their previous businesses would be to transfer from the old locations to the new locations such articles as pertained specially to the businesses they had been conducting, whether they be described .as equipment or as fixtures. It seems to me that the intent of the parties was to enable the owners to take with them such articles, whether described as fixtures or equipment, as would enable them to resume their business in the new location. Why should the owners be permitted to take from the property only certain parts of the equipment therein (such as pertained to their business), and be required to leave other equipment in the premises, and at the same time be permitted to remove all fixtures of every kind. Fixtures are usually more securely affixed to the property than is business equipment. To adopt the construction urged by defendants would give the inconsistent result that the owners could remove all articles which were securely and permanently affixed to the property, while they could not remove some of those which were merely temporarily affixed to the property. Accordingly, under the rule of construction thus applied I construe the phrase "pertaining to the business of the owners thereof" as applying to both fixtures and equipment.

This construction is also supported by the grammatical construction of the phrase. It will be noticed that the qualifying phrase under consideration does not immediately follow the word "equipment," but that after using the words all "fixtures and equipment," the phrase then inserts the words "from said premises" before using the qualifying words "pertaining to the business of the owners thereof." This grammatical separation of the qualifying words from the words "fixtures and equipment" gives the natural impression that fixtures and equipment are to be considered as a phrase referring generally to personal property attached in various ways to the real estate, rather than as meaning two separate types of property. The qualifying terms, being so separated from the phrase "fixtures and equipment," qualifies them both rather than merely the last word used.

It is not clearly stated in the petition whether the words now being construed were in written or oral form. It has been assumed in the foregoing discussion (due to lack of any dispute between the parties as to the exact phraseology of the phrase under consideration) that the phrase was a written phrase submitted by the Housing Commission to the plaintiff as an original or supplemental part of the Specifications. If so, the construction herein given is further supported by the additional well settled rule governing the construction of written instruments that when a written contract is susceptible of two meanings it will be construed strongest against the party who drafted and prepared it. Glenmary Land Co. v. Stewart, 217 Ky. 635, 290 S.W. 503; Theatre Realty Co. v. P. H. Meyer Co., 243 Ky. 346, 48 S.W.2d 1; Warfield Natural Gas Co. v. Clark's Administratrix, 257 Ky. 724, 79 S.W.2d 21, 97 A.L.R. 971. Since the phrase is ambigu-

ous and susceptible of either meaning, it should be construed in favor of the plaintiff.

The decision in Louisville & N. R. R. Co. v. Louisville Southern Railway Co., 100 Ky. 690, 39 S.W. 42 relied upon by the defendants appears to me as not applicable to the present question. In that case there was the additional qualifying words "such," used immediately before the second noun, and "as," used immediately after the second noun. To make it applicable it would be necessary to change our present phrase so as to read "all fixtures and *such* equipment *as* pertains to the business of the owners thereof," which is entirely different from what we have.

We are not able to tell at this time whether the fixtures listed in the complaint pertained to the business of the owners or not. That is a question to be determined later from the evidence. We construe the phrase to mean that the owners would not have the right to remove fixtures which are common to houses generally, but only such fixtures as are in addition to usual fixtures in a house by reason of the owners' business therein.

The motions of the defendants Struck Construction Company and the City of Louisville Municipal Housing Commission to dismiss the complaint are overruled.