Ernie Piper, Plaintiff-Appellee, v. State Farm Mutual Automobile Insurance Company, Defendant-Appellant.

Term No. 53-O-4.

Opinion filed October 31, 1953. Released for publication December 22, 1953.

FEIRICH & FEIRICH, of Carbondale, for appellant.

LOYD M. BRADLEY, of Carbondale, for appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Ernie Piper, had obtained an automobile insurance policy from the defendant, State Farm Mutual Automobile Insurance Company. The policy was dated September 15, 1950, and was for six months' period, expiring March 15, 1951.

During this period, on November 30, 1950, the plaintiff's automobile was involved in a collision resulting in injuries and damages to other persons. The company denied liability under the policy, informed plaintiff thereof, and also notified the parties asserting claims thereof, but the plaintiff effected settlements with the other persons and paid out sums of money to them aggregating $500 or more, and brought this suit to obtain reimbursement from the insurance company. A jury returned a verdict for $500 in favor of the plaintiff and judgment was entered thereon from which this appeal was taken. The defendant had filed appropriate motions for directed verdict and for new trial, all of which had been overruled.

The defenses offered were these: That the insurance policy had been cancelled as of November 28, 1950, for nonpayment of premium and due notice thereof

2

was given plaintiff. The policy had been reinstated as of December 2, 1950, when the company received the premium from the plaintiff, without notice that the automobile had been involved in an accident in the interim.

The plaintiff did not deny any of these statements of fact, but asserted that the alleged nonpayment of premium, and cancellation, had been waived.

A second defense was that the evidence discloses the plaintiff was not driving his car at the time of the collision and no evidence of agency was offered nor any evidence of circumstances which would indicate liability or fault of the plaintiff or the driver of plaintiff's car. The plaintiff paid the claims to avoid suspension of his license under the Safety Responsibility law, and made no attempt to show that he was actually liable to the claimants. From which the defendant argues there is no basis to hold it liable, even if the policy was in force, since it did not contract to pay without question, any asserted claims, regardless of their validity.

There were also objections to rulings on evidence and instructions, and the further defense that the company was not liable for mere voluntary settlements made by the plaintiff. On this appeal, the plaintiff now asserts that his suit was not upon the policy but for damages for breach of contract.

 There was no contract introduced in evidence other than the policy, and we know of no principle of law by which a plaintiff suing for damages for breach of contract can assert better or different terms of a contract than those in the contract alleged to be breached or cancelled. The case was tried by plaintiff on the theory that the nonpayment of premium had been waived, and the policy reinstated and in full force and effect; and the jury was instructed on that basis.

3

In our opinion the plaintiff has no possible basis to claim damages from the company if the policy was actually cancelled for nonpayment of premium before the collision and was not in force at that time.

On the other hand, if the policy was still in force as plaintiff contended, it contained this provision: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Considering this last defense first, we are of the opinion it is decisive of the case. While no precedent has been cited to this court from the State of Illinois, this type of provision has been considered by many courts in a variety of jurisdictions.

There are some variations in the decided cases where an insured purports to make a settlement only for such liability as he may have in excess of his insurance coverage. No such question is presented in this case. Otherwise, every court which has considered the provision above quoted has held it valid, enforceable, and essential.

In the case of *Wisconsin Zinc Company v. Fidelity & Deposit Co.*, 162 Wis. 39, 155 N. W. 1081, the court said: "It is pretty evident that, if the insurer entrusted the matter of making settlements to its numerous policy holders, its existence would be precarious. We are all apt to be generous when it comes to spending the money of others. So long as the law countenances, and to some extent encourages, insurance of this character, the right of making voluntary settlements must, al-

4

most as a matter of necessity, rest with the insurer rather than with the insured. An insurance company could hardly be expected to do business on any other basis, because it furnishes the only safeguard available against the payment of excessive damages."

In *Thacher v. Aetna Accident & Liability Co. of Hartford, Conn.*, 287 Fed. 484, 28 A. L. R. 1280, the court held that the above type of clause was valid and the insurer was entitled to its protection on the specific ground that an insurance company does not agree to recognize liabilities whenever a claim is presented.

In *Marvel Heat Corp. v. Travelers Indemnity Co.*, 325 Mass. 682, 92 N.E.2d 233, the court held under a similar clause that when the insured made a voluntary settlement without the consent of the insurer and without its obligation to pay determined by judgment, the insurer is released from all liability. Other jurisdictions reaching a similar result include: *Hughes v. Hartford Accident & Indemnity Co.*, 223 Ala. 59, 134 So. 461; *Royal Indemnity Co. v. Jenkins Const. Co.*, 248 Ky. 839, 60 S.W.2d 105; *Kennelly v. London Guarantee & Accident Co.*, 184 App. Div. 1, 171 N. Y. Supp. 423; *Stephens v. Pennsylvania Casualty Co.*, 135 Mich. 189, 97 N. W. 686; *New Amsterdam Casualty Co. v. East Tennessee Telephone Co.*, 71 C. C. A. 568, 139 Fed. 602, cert. denied, 201 U. S. 646, 50 L. Ed. 903, 26 S. Ct. 761. The reasoning in these various decisions is unassailable.

██ ██ We, therefore, hold in this case that the quoted clause is unequivocal, valid and enforceable, and that this clause bars the present action on the undisputed facts. It is unnecessary for the court to pass upon the other questions raised. The judgment entered in the court below is reversed.

*Judgment reversed.*

CULBERTSON and BARDENS, JJ., concur.