# Bodman v. Nathaniel Fisher & Co., Appellant.

*Contract—Principal and agent—Sale of goods on commission—Damages—Loss of time—Partial breach.*

1. Where an agent is employed to sell goods on commission, all orders to be "subject to the acceptance" of the principal, with an understanding that orders not accepted were to be returned, and the agent claims, in a suit for commissions, that certain orders had been accepted, and shipments made thereon, the case is for the jury, where the agent testifies that the orders in question had not been returned, and that he had gone over the orders covered by the agreement at the principal's office at different times, and discussed the question of final shipment.

2. Plaintiff was not bound to show that the goods were, in fact, shipped into the territory allotted to him.

3. Fair business dealing required defendant to accept all orders sent in by plaintiff, which, in the exercise of sound business judgment, they would be expected reasonably to accept. The sufficiency of the reasons for refusing the orders is for the jury.

4. Where plaintiff, in such case, claims damages for loss of time, because of defendant's refusal to permit the taking of further orders and failure to furnish samples, the measure of damages should be based on commissions made during the time plaintiff worked without interruption, and with a full line of samples.

5. The fact that the contract was not entirely rescinded will not prevent a recovery for loss sustained by reason of there being a partial breach.

*Appeals—Assignments of error—Charge—Exceptions.*

6. Assignments of error to portions of the charge must show exception taken.

Argued October 12, 1920. Appeal, No. 88, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., July T., 1917, No. 39, on verdict for plaintiff in case of F. H. Bodman v. Nathaniel Fisher & Co. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit on contract of agency for the sale of shoes in specified territory. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,600. Defendant appealed.

*Errors assigned* were (1) admission of evidence that orders sent in were accepted, (2) admission of weekly earnings for time plaintiff was off the road, (3) in ruling that burden was on defendant to prove plaintiff did not bring himself within terms of contract, quoting rulings, exceptions and evidence, and (4-15) instructions, quoting instructions, but no exceptions.

*F. W. Stonecipher,* of *Stonecipher & Ralston,* for appellant.—Under the terms of the contract, the acceptance of the orders and shipment of the goods into the territory were conditions precedent to plaintiff's right to recover: Hillman v. Joseph, 9 Pa. Superior Ct. 1.

In its charge, the court loses sight of the fact that cases in which profits are recoverable are all cases where the contract has been broken and ended by the defendant: Pittsburgh Gauge Co. v. Ashton Valve Co., 184 Pa. 36.

*Carl D. Smith,* for appellee.—Proof of performance by agent and acceptance of orders by principal establishes a right, prima facie at least, to compensation: Restein v. McCadden, 166 Pa. 340; Aikins v. Thackara Mfg. Co., 15 Pa. Superior Ct. 250.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Plaintiff sued to recover commissions claimed to be due him, under a contract whereby he agreed to sell shoes for defendant in designated territory, also for damages alleged to have been sustained by reason of breach of the contract. Defendant denied liability on orders sent in by plaintiff as follows: first, on orders refused owing to lack of purchasers' credit; second, orders taken contrary to authority; third, for merchandise not

on hand for delivery; fourth, orders cancelled by customers; and, fifth, on merchandise returned by purchasers. These several questions were submitted to the jury in a fair and impartial charge and a verdict rendered for plaintiff. Motions made by defendant for a new trial and for judgment non obstante veredicto were dismissed and judgment entered on the verdict, from which defendant appealed.

The agreement between the parties was in writing and provided that plaintiff should, as agent for defendant, sell goods in a specified territory, "at such prices and on such terms as outlined by" defendant, and receive for his services "six per cent commission on all goods, including mail orders shipped into the above mentioned territory (road orders already booked to be excepted), all goods returned and allowances made to be first deducted." The agreement also provided that "all orders from this territory either taken by Mr. F. H. Bodman or received by mail, shall be subject to the acceptance of Nathaniel Fisher & Co."

The principal contention of defendant is that the burden was on plaintiff to prove not only that orders on which he claimed commissions were accepted by defendant, but also that they were actually shipped into plaintiff's territory and further that plaintiff did not prove acceptance of the orders sent in by him. Plaintiff testified such orders were accepted by defendant, although this testimony was objected to on the ground that it asked for a conclusion rather than a statement of fact. There is also evidence to the effect that the understanding was that orders were to be returned if not accepted and that none of those on which commissions were claimed were, in fact, returned. Plaintiff further testified he had gone over the orders covered by the agreement in defendant's office at different times and discussed the question of final shipment. In view of the above evidence, plaintiff's testimony was not a mere

matter of conclusion but founded on facts within his knowledge and sufficient to carry the case to the jury.

The contract expressly provided that orders for goods secured by plaintiff and received from his territory should be subject to defendant's acceptance. In view of the fact that there was evidence tending to show that orders on which commissions are claimed were accepted, this question was properly left to the jury and, as the verdict was in favor of plaintiff, consideration of that matter is unnecessary. We do not, however, agree with the further contention of defendant that the burden was on plaintiff to show the goods were, in fact, shipped into the territory allotted to him. The contract does not either expressly require this to be done, or make payment of commission depend upon the shipment of the goods, as was the case in decisions relied upon by defendant. In absence of such express conditions, fair business dealing required defendant to accept all orders sent in by plaintiff which, in the exercise of sound business judgment, they would reasonably be expected to accept. Defendant did not, by entering into the agreement, place the conduct of its business in the hands of the agent by agreeing in advance that all orders the agent secured and delivered must be accepted and filled regardless of the existence of good business principles for not doing so. On the other hand, neither could plaintiff be expected to travel at his individual expense, as was done in this case, and be deprived of his compensation merely because the principal failed to ship goods regardless of valid reasons for not doing so. Each was bound to act in good faith toward the other and, upon receipt of orders from the agent and their acceptance by the principal, the former became entitled to receive his commission in absence of proper grounds for their rejection. The burden of proving a cause for rejecting an order covered by the contract was on defendant and, in absence of evidence tending to show a refusal under the terms of the agreement or other good cause, plaintiff

was entitled to recover. The sufficiency of the reasons shown by defendant for refusing to fill plaintiff's orders was a question of fact for the jury: Friede v. White Co., 244 Fed. R. 272; Restein v. McCadden, 166 Pa. 340; Lindsay v. Carbon Steel Co., 195 Pa. 120; Jacquin v. Bontard, 89 Hun 437; Taylor v. Morgan's Sons Co., 124 N. Y. 184.

An item of damage claimed by plaintiff was for loss of time by reason of defendant's refusal to permit the taking of further orders for goods and also their failure to furnish terms and prices. The evidence offered for and against this contention was conflicting and the question was submitted to the jury with instructions that the measure of damages for such loss, if any, should be based on commissions made during the time plaintiff worked without interruption and with a full line of samples. The seventh and eighth assignments complain that this instruction failed to furnish an adequate measure of damage because speculative and not capable of definite determination. Defendant further contends that since the contract was not rescinded and plaintiff continued in its employ, damages should not be recovered under the rule laid down by the court. We cannot agree with either of these contentions. If defendant prevented plaintiff from earning the commissions to which he was entitled under the contract, the loss sustained was a direct result of the breach and within the contemplation of the parties at the time the contract was entered into, and, the fact that the agreement was not entirely rescinded would not prevent a recovery for the loss sustained by reason of there being a partial breach. The proper measure of damages in case of loss by reason of breach of contract to pay commissions was fully considered and numerous cases examined in Wilson v. Wernwag, 217 Pa. 82, where we held that the measure of damages for loss of commissions by reason of defendant's discontinuance of a special branch of their business covered by the contract was the net profits plain-

tiff might have made had the contract been fully continued and that the loss was properly measured by the result of sales made of the same goods under similar conditions and circumstances. As stated in the opinion (page 95) : "Such profits are not speculative, imaginary, or uncertain, but are determined by a standard that renders them almost as certain as if the business had been continued by defendant. The law does not require absolute certainty as to the data upon which profits are to be estimated, but certainty to a reasonable degree or extent so that the damages may rest upon a definite basis and not . . . . . . on speculation and conjecture." Measured by this standard, we think the proofs were sufficient to be submitted to the jury.

Of the fifteen assignments of error only the first, second, and third are in proper form. The others fail to show exception taken to the matters complained of.

The judgment of the court below is affirmed.