# Wetherstein, Appellant, *v.* Gordon.

*Contract—Consideration—Violation of promise—Agreement not to contest will—Bill in equity.*

1. A person who has himself broken a contract cannot recover on it.

2. Where the widow of a testator agrees to divide the estate equally with her stepdaughter in consideration of the latter not

contesting the will, the stepdaughter cannot recover on the contract in an action of assumpsit, if it appears that after the agreement was made she had filed a bill in equity against the widow seeking to have her charged as a trustee ex maleficio, and averring in the bill the mental incompetence of the testator to make a will.

3. In such case, the bill in equity was in effect a contest.

Argued September 28, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 52, March T., 1926, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 2549, for defendant n. o. v., in case of Mary Wetherstein v. Helen Gordon.   Affirmed.

Assumpsit on contract.   Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment n. o. v. was entered for defendant, after hearing before SHAFER, P. J., COHEN and DOUGLASS, JJ.   Plaintiff appealed.

*Error assigned* was, inter alia, judgment for defendant n. o. v., quoting record.

*W. T. Tredway,* with him *James P. Whitla,* for appellant.—Forbearance to assert a right by suit has always been held to be a good consideration: Schroyer v. Thompson, 262 Pa. 282; York M. & Alloys Co. v. Cyclops S. C., 280 Pa. 585; Sutton v. Dudley, 193 Pa. 194; Gormley v. Gormley, 130 Pa. 467; Huntingdon Co. v. Spyker's Exrx., 274 Pa. 570, 574; Blount v. Dillaway, 199 Mass. 330, 17 L. R. A., N. S. 1036.

The contract was not breached: Jackson v. Thomson, 215 Pa. 209.

*Frederic W. Miller,* for appellee.

OPINION BY MR. JUSTICE SADLER, November 22, 1926:

Luke Gordon died in 1917, leaving, to survive him, a widow, his second wife, and a child by a first marriage,

Mrs. Wetherstein, who is plaintiff in this proceeding. By the will, the latter, whose relations with her father had been strained, received a bequest of $200, and the residuary estate was given to the former. The daughter consulted counsel as to the advisability of contesting the document probated, and was told that she could not successfully do so. Soon after, Mrs. Gordon called, and, according to plaintiff, advised her not to "bother with attorneys or anybody; don't take anybody's advice but mine. If you don't contest [the] will, after I get everything settled up, I will give you dollar for dollar, I will divide equally. I told you and told your father while he was living no matter what he did, if it was only a loaf of bread that was left, I would see she got half of it." Upon this alleged promise the present action to recover is based. The agreement was evidently made for the purpose of avoidance of expense of litigation, and annoyance incident thereto. It may be observed that, in two prior suits, Mrs. Wetherstein was called as a witness, and testified to the same conversation, but on neither previous occasion related that a refraining from a "contest" of the will was a condition of the stipulation as to division of the assets in equal parts.

The decedent had been the administrator of his first wife, and, in 1919, the daughter required the filing of the account of his trust in the Orphans' Court of Mercer County by his personal representative, her stepmother. Exceptions were filed, resulting in a surcharge, and the amount of the award was paid, thus reducing the assets of the father's estate. On February 26, 1921, two petitions were presented in Allegheny County, having for their purpose a review of the entire proceeding, and these remained undisposed of when this suit was brought. During the progress of that litigation, plaintiff filed a bill in equity, alleging an understanding with the father that she should have one-half of his estate, and asking that the widow be declared trustee ex maleficio of that portion. She then averred that the will had

been procured by the wife's fraud and misrepresentation while the decedent was mentally incompetent, and, further, that she had improperly prevented the making of a second instrument. This case was proceeded with to final hearing, which terminated in a decree for the defendant. An appeal was then lodged in this court, but finally dismissed for want of prosecution, not, however, before the present suit was instituted.

This new action was based on the supposed promise of the widow already referred to, and not on the promise of the father to will to her one-half. As stated by counsel, in referring to the former record, at the trial which followed: "It is the same in quantity, and as far as the amount and estate is concerned, it is for the same thing, but in an entirely different form of action." Plaintiff rested on proof of her amplified version of the promise of the defendant, while the latter insisted no such contract was made, and, if so, was too indefinite to be enforced, and that the whole controversy was res judicata because of the final decree in the equity proceeding. It was urged that the agreement was breached by claimant in failing to comply with its terms, and denied that there was any consideration, in view of the fact that there were no reasonable grounds of contest: Kesler's Est., 143 Pa. 386. Other defenses were suggested, but in our view need not be considered here. The questions of fact involved were submitted to the jury, and a verdict for plaintiff followed, which, for present purposes, establishes the existence of the promise as testified to. The court in banc, after holding that, in any event, a new trial must be granted, entered judgment n. o. v. for defendant, and plaintiff appeals.

One question alone need be discussed to properly dispose of this claim. The gist of the contract is the forbearance of plaintiff to institute litigation concerning the estate, and thus avoid the vexation and expenditure which would necessarily follow. The promise to pay was conditional on the carrying out by plaintiff of her

agreement. Unless this was shown, no recovery could be had: Miller v. Reading Hotel Co., 248 Pa. 541; Arnold v. Stoner, 18 Pa. Superior Ct. 537. "Where promises which form the consideration are concurrent or dependent, the failure of one party to perform will discharge the other, and one cannot maintain an action against the other without showing performance, or a tender of performance on his part, unless such performance has been excused, the general rule being that a person who has himself broken a contract cannot recover on it": 13 C. J. 627.

Mrs. Wetherstein agreed not to "bother with attorneys," but to take the advice of the promisor as to matters connected with the estate. This agreement was flagrantly violated, and litigation begun by her has been in progress from 1919 to the present time. It may be that the proceedings instituted to secure an accounting of her mother's estate would be insufficient to establish a breach of the understanding on her part, though the result was to reduce the amount of the father's assets, which, according to her story, were to be divided equally, but the same cannot be said of the equity proceeding, which constituted a direct attack on Gordon's disposition of his estate. Then she asked that one-half of the property be withdrawn from the distributable balance, on the ground of a promise made by him that she should thus share, and, further, averred the obtaining of the will by fraud and misrepresentation of the widow while the decedent was mentally enfeebled, and the use of coercion to prevent the making of a second will. This was, in effect, a contest, the refraining from which constituted the consideration of the agreement, if there was any. It was not until the failure to set aside the disputed document that plaintiff attempted to assert the understanding with defendant now set up. Clearly, there was a violation of the conditions agreed on, and, being in default herself, she cannot maintain the present action.

This conclusion makes unnecessary a discussion of other defenses asserted. For the reason given, without referring to the separate assignments of error, the judgment is affirmed.