Claflin *v.* The Manufacturers' Club of Philadelphia, Appellant.

Argued October 14, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Paul Reilly,* for appellant.

*George F. Lowenthal* of *Horton and Lowenthal,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:

This action in assumpsit was brought upon a written contract of employment.

The publication committee of the Manufacturers' Club of Philadelphia, a corporation of the first class, employed Warren F. Doane to edit a magazine, called ''The Manufacturer,'' under a written contract, dated April 5, 1924, for one year from June 1, 1924, which, after June 1, 1925, could be terminated at any time upon ninety days' notice. The contract provided that the plaintiff should supervise, manage, solicit, procure advertising, prepare copy and submit advertising proofs, and attend to such other details pertaining to advertising in ''The Manufacturer'' as would be designated by the publication committee. He was to assist in collecting delinquent or unpaid accounts arising from a sale of advertising space and be responsible for advertisements inserted over and above three unpaid insertions, unless the advertising was continued with the consent of the publication committee. In consideration of the services rendered, he was to re-

ceive thirty per cent of the gross revenue from advertising procured by him and accepted by the publication committee. Commission settlements were to be made on the 20th of each month for all money received for such advertising during the preceding month. In August, 1929, the appellee served the following notice on the defendant: "I hereby tender my resignation to take effect 90 days from date, from paragraph first of our contract of April 5, 1924. However, I reserve the right to receive commissions on all contracts turned in prior to November 15, 1929." Plaintiff claimed that these advertising contracts were for the year which ended October, 1930, and carried a commission of $2,514, to which he was entitled. The defendant failed to publish the magazine after March, 1930, and further payments to the plaintiff were refused. A suit was brought to recover commissions alleged to be due from April, 1930, to the end of October, amounting to $1,441.50.

The trial judge, under the evidence, directed a verdict for the plaintiff and, subsequently, refused a motion for judgment n. o. v. This appeal followed.

Referring to the contract, we find that it expressly provided that the appellee had various duties to perform—obtaining advertisements was one, but there were others. When the plaintiff voluntarily severed his relations with the defendant, he no longer performed the work that followed the receipt of the advertising contracts, which his contract contemplated he was to do. For part performance, he asks full pay. One ought not to be forced to pay out money unless he can get that for which he stipulated. In Wetherstein v. Gordon, 287 Pa. 436, 439, the court said: "The promise to pay was conditional on the carrying out by plaintiff of her agreement. Unless this was shown, no recovery could be had: Miller v. Reading Hotel Co., 248 Pa. 541; Arnold v. Stoner, 18 Pa. Superior Ct. 537. 'Where promises which form the consideration are

concurrent or dependent, the failure of one party to perform will discharge the other, and one cannot maintain an action against the other without showing performance, or a tender of performance on his part, unless such performance has been excused, the general rule being that a person who has himself broken a contract cannot recover on it:' 13 C. J. 627.''

This case is readily distinguishable from the cases cited by the appellee. He was not improperly discharged before the expiration of his term, as in Abendpost Co. v. Hertel, 67 Ill. A. 501; 39 C. J. 154, note 20 (a). Nor does it come within Schlesinger v. Star Ins. Co. of America, 100 Pa. Superior Ct. 584, where the plaintiff was an agent to receive proposals for insurance and sued for commissions accruing after the defendant had terminated the agency. Nor are Restein v. McCadden & Bro., 166 Pa. 340, and Bodman v. Fisher & Co., 268 Pa. 535, in point; these actions are based on commissions for goods sold and the facts are quite dissimilar.

It is true that the publication committee did for some unexplained reason continue to pay commissions until the following March, but this general action did not legally obligate it to continue the payments. This is not a case where there exists an ambiguity in the contract and the construction placed thereon by the parties throws light upon their intention. We think that the reservation in the resignation is not entitled to much consideration. The plaintiff could not reserve the right to receive payments which were not due him under the written contract which is relied upon for recovery.

In view of the conclusion we have reached, it is unnecessary to decide whether the contract was ultra vires.

Judgment is reversed and is now entered in favor of the defendant.