Dilworth *v.* Brown & Bigelow, Appellant.

Argued May 3, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James M. Graham,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*Clyde A. Armstrong,* with him *C. M. Thorp, Jr.,* of *Thorp, Bostwick, Reed & Armstrong,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1937:

This is an appeal by defendant from a judgment obtained by plaintiff in a suit for an alleged breach of a written contract.

Under the contract, plaintiff agreed to sell, on commission, for defendant, Christmas cards, calendars, etc., for the period from December 26, 1930, to December 31, 1931, and to work under its directions, and to render daily reports. The contract contained the following paragraphs:

"It is further agreed that this contract is subject to cancellation by Brown & Bigelow if at any time the party of the second part fails to carry out its provisions, or any of them, or if his sales for any consecutive four weeks are less than $1500.00, and in the event of any such cancellation no bonus shall be paid.

"The second party agrees to return to Brown & Bigelow on demand all samples, supplies, records, books of instructions or any other property entrusted to him by Brown & Bigelow. The value of said samples, supplies, etc., is agreed to be $250."

Plaintiff received a sample case and proceeded with her work until May 22, 1931, when E. L. Stanley, defendant's district manager, sent her a letter, which read, in part, as follows:

"This is also your notification to please return your complete line to this office at once. Unless they are in here on or before Monday, May 25, we will turn the matter over to the Bonding company."

This notification was confirmed by wire from the home office of the appellant in St. Paul. Plaintiff returned the samples, which prevented her selling any of defendant's products thereafter.

The plaintiff in her pleadings averred performance on her part of the contract. This was denied in the affidavit of defense, and the plaintiff's wilful breach of the contract alleged.

The appellant claims that the court erred in sustaining exceptions to questions asked plaintiff on cross-examination relative to her averred performance of the contract. The evident purpose of those interrogations was to show that she refused to take directions, to attend agents' meetings, and to submit daily reports. The court took the position that those matters were immaterial to the issue on trial. Neither in the averment in the pleadings nor at the trial did the defendant assume the position that the contract had been rescinded or cancelled because plaintiff had failed to carry out the contract in those particulars. Defendant's attorney expressly acknowledged at the trial that the contract was not cancelled. The court properly held, in such circumstances, that, as the contract had not been terminated when the samples were demanded, the only issue involved was whether the defendant hindered plaintiff from performance of the contract. Where a party to a contract prevents performance by the other, it amounts to a breach thereof: Restatement, Contracts, §315; *Hall v. Rupley,* 10 Pa. 231; *Miles v. Metzger et al.,* 316 Pa. 211, 173 A. 285. In *Bodman v. Nathaniel Fisher & Co.,* 268 Pa. 535, 539, 112 A. 99, there is the following pertinent excerpt:

"If defendant prevented plaintiff from earning the commissions to which he was entitled under the contract, the loss sustained was a direct result of the breach and within the contemplation of the parties at the time the contract was entered into, and, the fact that the

agreement was not entirely rescinded would not prevent a recovery for the loss sustained by reason of there being a partial breach."

If defendant relied on plaintiff's breach of the contract as a rescission thereof, it was its duty to so assert: *Morgan v. McKee*, 77 Pa. 228; *Bounomo v. United Distiller's Co.*, 77 Pa. Superior Ct. 113. Its omission so to do deprived it of being absolved from liability for plaintiff's failure of strict performance. The defendant, by its own admissions, never advised plaintiff that she had breached the contract and that the samples were recalled on account of her delinquency. Her alleged dereliction must, therefore, be deemed to have been waived.

In the face of the admitted fact that the contract had not been cancelled, the questions asked were not relevant to the issue. The court, therefore, properly sustained the exceptions.

The appellant insists that it was not guilty of breaching the contract in demanding return of the samples, as, under the contract, the plaintiff had agreed thereto. The provision respecting their return immediately followed the paragraph which permitted cancellation by defendant for cause, and, as the learned court below aptly pointed out, "must be read in connection with such paragraph and construed as providing for return of samples only upon termination of the contract relation, that is, either at the expiration of the term, or in event of cancellation by the defendant during the term. To hold that such paragraph permitted defendant to demand return of the samples while the contract was in full force, thereby making it impossible for plaintiff to do the work for which she had been engaged, would be to adopt a harsh, unnatural and unreasonable construction, wholly antagonistic to the presumed intention of the parties that the plaintiff should be equipped with samples throughout the life of the contract in order to

be able to sell defendant's products for their mutual benefit. The law does not require such forced construction under the circumstances here present."

We find no error in the court's ruling or other reason to disturb this judgment.

Judgment affirmed.