**AUTOMOTIVE DEVICES CO.**

v.

**AUTOMOTIVE DEVICES CO. OF PENN-
SYLVANIA, Appellant.**

**No. 13527.**

United States Court of Appeals
Third Circuit.

Argued May 5, 1961.

Decided June 12, 1961.

Charles M. Solomon, Philadelphia, Pa.
(Leonard J. Schwartz, Philadelphia, Pa.,
Fox, Rothschild, O'Brien & Frankel,
Philadelphia, Pa., on the brief), for appellant.

Maurice J. Klein, Philadelphia, Pa.
(Abrahams & Loewenstein, Philadelphia,
Pa., on the brief), for appellee.

Before GOODRICH, STALEY and
FORMAN, Circuit Judges.

GOODRICH, Circuit Judge.

This case started out as a suit for
breach of contract in which the plaintiff
asked both an injunction and damages.
It represents what is evidently one bout
in an internecine warfare. The parties
originally operated as one business enterprise. Due to differences in policy they
separated, forming a Massachusetts corporation and a Pennsylvania corporation.
The agreement between these two corporations set up a division of territory in
which each was to operate. We are not
concerned in this litigation with any
problem concerning any illegal restraint
of trade arising out of this division.

The enterprise in which each is engaged consists of purchasing used automobile parts, rebuilding them and selling
them as rebuilt parts to interested buyers. In some cases where the customer
asks for parts from new model cars the
practice is to purchase new parts from
the manufacturer, repackage them and

sell them as rebuilt parts. The competitive phases of the business consist both in buying the material to be rebuilt and then selling the rebuilt part at what is hoped to be a profit.

■ At the trial of this case [1] the trial judge made findings of fact and conclusions of law but denied the injunction asked for on the basis that no irreparable damage had been shown. Then the plaintiff asked the court to let him withdraw his claim for damages. This was the correct procedure because Rule 41, F.R. Civ.P., 28 U.S.C.A., provides that after an answer has been filed or unless all the parties stipulate an action may only be dismissed by order of court upon terms and conditions. What the plaintiff sought was obvious. The trial judge had made findings of fact in his favor and the plaintiff had the advantage of what, in effect, was a favorable declaratory judgment. Nor, under these circumstances, could the defendant appeal because the injunction had been refused and if the claim for damages was withdrawn there was apparently no basis for an appeal by defendant. But the trial judge refused to allow the claim for damages to be withdrawn and entered judgment for $1.00 in favor of the plaintiff. This gave the defendant his chance to appeal and the appeal was timely made.

The parties have ignored the conflict of laws question, if any, in the case. We do not know where the agreement, which is the foundation for the suit, was entered into nor is there any suggestion as to what law is applicable. But this being a diversity case we shall treat it as a Pennsylvania court would and go ahead and apply the Pennsylvania law so far as it is applicable. The district judge apparently did the same thing.

■ The center of the dispute here arises out of paragraph 5 of the contract between the parties. The contract gave to each "the exclusive right to do business" in specified territories. The trial judge, deeming the phrase "to do business" to be ambiguous, heard testimony from witnesses and came to the conclusion that to do business involved selling rebuilt parts but not buying parts to rebuild. He also concluded that certain sales made by one party in the other's territory were not to be included under the phrase "to do business" because the transactions were not profitable ones in the particular instances.[2]

We think there was error in both conclusions. We do not think the term is ambiguous when applied to the nature of the business these parties did. As already stated they had to buy used parts in order to rebuild them and the buying was just as essential to the carrying on of the enterprise as was the selling of the rebuilt product. And we find it incongruous to regard a transaction which is a sale not a part of business because it did not result in a profit.

■ We have in mind, of course, the injunction of Rule 52(a) concerning the duty of appellate courts to accept findings of fact by the trial court unless they are "clearly erroneous." But we have many times pointed out that this injunction does not apply to the conclusion reached from the facts found.[3] The parole evidence was an unnecessary complication in the interpretation of a contract which was worked out by lawyers and, we think,

1. Plaintiff sought a preliminary injunction. A hearing was held on this motion, and by stipulation of the parties the testimony at that hearing and at two other hearings were before the judge for a final determination of liability. At this point the trial judge filed findings of fact and conclusions of law. Later he filed supplemental conclusions of law on the issue of damages.

2. The trial judge said "sales forming part of an exchange or otherwise if made for the purpose of securing supplies" were excluded from the phrase "doing business."

3. See, e. g., Perfectform Corp. v. Perfect Brassiere Co., Inc., 3 Cir., 256 F.2d 736, certiorari denied, 1958, 358 U.S. 919, 79 S.Ct. 287, 3 L.Ed.2d 238; In re Pioch, 3 Cir., 1956, 235 F.2d 903; Sears, Roebuck & Co. v. Johnson, 3 Cir., 1955, 219 F.2d 590.

had an obvious meaning when applied to the business the parties did.

■■ There was evidence that each one of these corporations bought used parts in the territory allotted to the other. The argument is made that we should give the interpretation to the contract which the parties by their own practices have followed. That is quite all right when applied to a bilateral contract when the parties act mutually and carry it out. But here there is nothing to show mutual agreement upon this out-of-the-territory purchasing. We think the evidence shows that each party was poaching in the territory of the other. The rule in Pennsylvania and elsewhere is that when parties to a bilateral contract each commit a material breach thereof the law will give relief to neither party.[4] That is the situation here.

The judgment of the district court will be reversed and the case remanded with directions to enter judgment for the defendant.

---

4. Butler Candy Co. v. Springfield Fire & Marine Ins. Co., 1929, 296 Pa. 552, 146 A. 135, 63 A.L.R. 504; Wetherstein v. Gordon, 1926, 287 Pa. 436, 135 A. 116; 8 P.L.E., Contracts § 305 (1958); 6 Corbin, Contracts § 1258 (1951); 3 Williston, Contracts § 882 (rev.ed. 1936); Restatement, Contracts § 274 (1932).