436 F.2d 389
 Richard F. GREEN, Executor under the Will of Mary-Moxley Green, Deceased, Appellant,
v.
JOHN H. LEWIS & CO., a partnership, John H. Lewis, Mary F. Bayne and Carroll S. Bayne, Jr., as Executors of the Estate of Carroll S. Bayne, Deceased, Betty W. Carter, as Executrix of the Estate of Frederic D. Carter, Deceased, Henry L. Lowerre, Wisner H. Townsend, B. Barret Griffith, Thomas G. Murphy and Evelyn L. Lewis (Defendants and Third-Party Plaintiffs),
v.
Frank J. CONNELLY, Jr. (Third-Party Defendant).
 No. 18016.
 United States Court of Appeals, Third Circuit.
 Argued December 7, 1970.
 Decided December 28, 1970.
 As Amended January 8, 1971.
 
 Richard F. Green, pro se.
 Charles H. Hoens, Jr., Lum, Biunno & Tompkins, Newark, N. J., argued for third party defendant, Connelly.
 Burtis W. Horner, Stryker, Tams & Dill, Newark, N. J., argued for defendants and third party plaintiffs.
 Before ALDISERT, ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This appeal requires us to decide whether tender of a stipulated sum constituted "expeditious consummation" of a settlement agreement.
 
 
 2
 In 1965, plaintiff-appellant filed a complaint in the district court, alleging fraudulent manipulation of a securities account maintained with defendants' firm since 1943. He offered to settle his claims for $30,000. On the eve of trial, November 18, 1968, defendants accepted his offer. The parties appeared through counsel before the court to announce their agreement. Plaintiff's counsel then stated that "[t]he only stipulation I would like to add is that we would like an expeditious consummation of this settlement." Defendants agreed, and the court approved the settlement.
 
 
 3
 In order to raise the requisite sum, it was necessary for defense counsel to obtain contributions from eight separate sources, which included the estates of three of the defendants. On December 10, 1968, plaintiff wrote to defense counsel "rescinding" the agreement for failure to "settle expeditiously," but agreeing to accept tender if made by the week's end. On the very next day, plaintiff demanded that 6% interest be added to the settlement figure because "[i]n all fairness, this is a condition of the settlement." On December 18, he gave notice to defense counsel of intent to petition the court to reopen the proceedings. On December 27, 1968, defendants announced readiness to tender the funds upon presentation of a signed release. Plaintiff rejected the tender and moved the court to vacate the settlement agreement. The court refused, and entered judgment in his behalf for $30,000, in accordance with the settlement agreement. Plaintiff lodged this appeal. We affirm.
 
 
 4
 An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. Good v. Pennsylvania R.R. Co., 384 F.2d 989 (3 Cir. 1967); Kelly v. Greer, 365 F.2d 669 (3 Cir. 1966); Main Line Theatres, Inc. v. Paramount, 298 F.2d 801 (3 Cir. 1962). Consequently, the extensive arguments pressed by plaintiff-appellant are inapposite to the single dispositive issue before the court below and before us in this appeal: was tender by defendants timely?
 
 
 5
 Although the term "expeditiously" admits of no precise definition, we are satisfied that the conduct of defendants, under the circumstances, met the requirements of the settlement agreement. We reject the argument that the permissible time period should be governed by the custom of the securities exchange trade. We are here concerned with a contractual settlement of a legal dispute, not with the transfer of shares of stock. Moreover, if plaintiff desired such a limited period in which he would accept tender, there was ample opportunity for him to so specify.
 
 
 6
 The judgment of the district court will be affirmed.