Joseph **DOYLE**

v.

The **STANLEY WORKS**

v.

The **CITY OF PHILADELPHIA**

v.

**WILLIAM T. CAMERON CO., INC.**
and
**CARRIEL CONTRACTING CO.**

v.

**ALERT ELECTRIC CO.**

Civ. A. No. 69–586.

United States District Court,
E. D. Pennsylvania.

July 13, 1973.

Benjamin Pomerantz, Philadelphia, Pa., for Doyle.

Eugene R. Lippman, Thomas A. Bell, Krusen, Evans & Byrne, Philadelphia, Pa., for Stanley Works.

Martin Weinberg, Alfeo P. Libetti, Philadelphia, Pa., for City of Philadelphia.

Robert J. Coleman, Marshall, Dennehey & Warner, Philadelphia, Pa., for Cameron.

Anthony J. Daminao, Bennett, Bricklin & Saltzburg, Philadelphia, Pa., for Carriel.

James J. McCabe, Jr., Duane, Morris & Heckscher, Philadelphia, Pa., for Alert.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

Presently before the Court is the Motion for Reconsideration of the Memorandum and Order of this Court dated May 2nd, 1973 in which the Court granted plaintiff's Motion for a New Trial. The Motion was granted because the Trial Judge, who died after the trial, failed to properly charge the jury on the issue of the defendant's liability. The jury returned a verdict in favor of the defendant. It should be noted that the present motion was filed by the third-party defendant, Alert Electric Company (hereinafter "Alert") and not by the defendant. The defendant notified this Court by letter dated March 2nd, 1973 that they would not file an Answer to Plaintiff's Motion for a New Trial; however, the third-party defendant did oppose plaintiff's motion for a new trial.

Alert contends that the plaintiff and defendant entered into a settlement agreement before this Court granted Plaintiff's Motion for a New Trial; therefore, this Court would no longer have a justiciable controversy before it. Alert sent a letter to this Court on March 9th, 1973 which stated Alert had been informed that plaintiff and defendant had settled their differences. However, the Court did not act on the letter of March 9th because Alert's letter was not specific enough; it did not state that a settlement had, in fact, actually been consummated. The Court had not received any notice from the plaintiff or the defendant before its Order of May 2nd, 1973 that the case had been settled. This Court has a long standing policy that it will not prejudice either party in dismissing a case unless it receives written notice from the parties involved in the settlement that they have settled the case.

Alert asserts that under Rule 23(b) of the Local Rules of Civil Procedure the plaintiff had an affirmative duty to notify the Court that the case had been settled. Local Rule 23(b) provides:

Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party filed within ninety (90) days of the entry of such order of dismissal.

Subsequent to the Order of May 2nd, 1973, the Court held two conferences on June 8th, 1973 and on July 3rd, 1973 in the hope that the case could be settled. During these two conferences it was stated by plaintiff's counsel and affirmed by defendant's counsel that the case had been settled for $2500.00. This was the first time that the Court had heard from these parties that the case was actually settled.

Initially, when plaintiff's counsel told the Court at the settlement conference on June 8th, 1973 that the case between the plaintiff and defendant was settled, this was sufficient notice to the Court under Local Rule 23(b) that the issues between the parties had been settled. As will be discussed *infra*, the Court is now interested when the date of settlement was entered into by the parties.

Additionally, on May 10th, 1973, the plaintiff filed a Petition for Leave to Discontinue the case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This was done by the plaintiff because he had filed a companion suit in Philadelphia County, April Term, 1969, No. 3630 against some of the third-party defendants.

■ Normally, a Rule 41 motion will be allowed in order that the plaintiff may obtain some tactical advantage, Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967); Gammino Construction Co. v. Great Am. Ins. Co., 52 F.R.D. 323 (D.C.R.I.1971) and Kennedy v. State Farm Mut. Auto. Ins. Co. 46 F.R.D. 12 (D.C.Ark.1969). However, this Circuit will not allow a party to gain a tactical advantage by using a Rule 41 motion, Automotive Devices Co. v. Automotive Devices Co. of Penna., 180 F.Supp. 99 (E.D.Pa.1960), aff'd, 292 F.2d 663 (3rd Cir. 1961).

The underlying problem of the case as it presently stands is: whether or not the finding by the jury that the plaintiff was contributorily negligent would have a res adjudicata or collateral estoppel effect on the state court proceedings. The third-party defendants have argued this position from the very beginning, that the jury's finding would be binding in the state action, and the plaintiff has attempted to use every procedural tool available to him to preclude such a finding. This Court will not address itself to this issue since this will be determined by the state courts. However, what this Court must determine is the date when the settlement became effective. That is, was it before or after the date of May 2nd, 1973 when this Court granted plaintiff's Motion for a New Trial.

■■ It is the policy of the Courts to encourage voluntary settlements, Petty v. General Accident Fire and Life Assurance Corp., 365 F.2d 419 (3rd Cir. 1966); D. H. Overmyer Co. v. Loflin, 440 F.2d 1213 (5th Cir. 1971), cert. den., 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed. 2d 90 (1971) and In re Penn Central Transportation Co., 455 F.2d 811 (3rd Cir. 1971). Also, an agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing, Good v. Penna. R. R. Co., 263 F.Supp. 84 (E.D. Pa.1967), aff'd, 384 F.2d 989 (3rd Cir. 1967); Green v. John H. Lewis & Co., 436 F.2d 389 (3rd Cir. 1970) and Main Line Theatres, Inc. v. Paramount Film Distributing Corp., 298 F.2d 801 (3rd Cir. 1962), cert den., 370 U.S. 939, 82 S. Ct. 1585, 8 L.Ed.2d 807 (1962). It has also been held that after a binding settlement agreement has been made, the actual merits of the settled controversy are without consequence, Theatre Time Clock Co. v. Motion Picture Advertising Corp., 323 F.Supp. 172 (E.D.La.1971); Albright v. R. J. Reynolds Tobacco Co., 350 F.Supp. 341 (W.D.Pa.1972); Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33 (5th Cir. 1967) and Southwest E and T Suppliers, Inc. v. American Enke Corp., 463 F.2d 1165 (5th Cir. 1972).

■ It was not brought out at the two settlement conferences when the settlement had been reached between the plaintiff and defendant. It would appear, from the letter from Alert's counsel to the Court dated March 9th, 1973, that the settlement was before May 2nd, 1973, the date that this Court granted plaintiff's Motion for a New Trial. However, it is necessary for this Court to determine the exact date when the settlement was entered into. If it was before May 2nd, 1973, then the actual merits of the case are without consequence, *supra*. However, if settlement was after May 2nd, 1973, then the Court would consider all matters that went before the date as binding, that is, a controversy did exist and the Court was ready to try the case. Accordingly, the

following Order shall be entered in order to determine what course of action the Court will take on the present motions.

### ORDER

And now, this 13th day of July 1973, pursuant to Local Rule 23(b) of the Local Rules of Civil Procedure, it is hereby ordered that counsel for plaintiff and defendant shall, within ten days of this Order, notify this Court by letter as to the actual date when the issues between the parties had been settled in the above-captioned case.