**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3475
_____

S. CHARLES KELLY,

Appellant.

v.

BOEING, INC., also known as BOEING HELICOPTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-02152)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2012

Before:  FUENTES, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: February 4, 2013)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge:

        S. Charles Kelly appeals from the District Court's August 11, 2011 order.  For the

reasons that follow, we will affirm the judgment entered by the District Court.

## I.    Background

In May 2009, Kelly filed a complaint against Boeing, Inc., alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951 *et seq.* The parties attempted to settle the case, and in January 2011, they unsuccessfully mediated before retired Magistrate Judge Diane M. Welsh. On February 1, 2011, Kelly called Ronald Surkin, his counsel at the time, to discuss again the possibility of settlement. After speaking for 30-45 minutes, Kelly authorized Surkin to settle the matter for $225,000. That same day, Surkin conveyed the offer to Boeing via Magistrate Judge Welsh, and Boeing accepted by email. Boeing attached to the email a written settlement agreement incorporating the agreed-upon terms, but Kelly refused to sign it.

On February 14, 2011, Boeing filed a motion to enforce the settlement agreement. Surkin responded and requested that the District Court place a charging lien on the settlement proceeds in the amount of his attorney's fees and costs. Kelly disagreed that the settlement was a valid agreement and filed a letter in opposition to Boeing's motion. On March 10, 2011, the District Court held an evidentiary hearing, at which Surkin and Kelly testified. In a Memorandum and Order dated May 26, 2011, the District Court granted Boeing's motion to enforce the settlement agreement, applied a charging lien in favor of Surkin's firm, and dismissed the action with prejudice. On August 11, 2011, the District Court clarified its May 26, 2011 order and granted Surkin's motion to compel compliance with it.

2

On September 12, 2011, Kelly appealed.

## II.    Discussion

### A.    Jurisdiction

Boeing contends that the appeal should be dismissed as untimely because it was filed more than thirty days after the May 26, 2011 order, which dismissed the action with prejudice.  *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal in civil case to be filed within 30 days of entry of order or judgment being appealed); *see also Bowles v. Russell*, 551 U.S. 205, 209-10 (2007) (holding 30-day limit to be mandatory and jurisdictional).  It is undisputed, however, that Kelly timely appealed the August 11, 2011 order, which stated:

> The May 26, 2011 order and accompanying memorandum are clarified as follows. All terms of the agreement are enforceable without plaintiff's signature. Accordingly, defendant Boeing is directed to make payment to Gallagher, Schoenfield, Surkin, Chupein & DeMis, P.C. in the amount of $85,336.39 in accordance with the charging lien placed on the settlement amount.

Because the August 11, 2011 order resolved a minor, but nonetheless substantive, ambiguity in the original judgment, the 30-day time period in which to appeal began anew.  *See F.T.C. v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) (explaining that an order that substantively changes, or resolves a genuine ambiguity in, a judgment previously rendered begins anew the time period for appeal); *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 746 (3d Cir. 1990) ("An order substantively changing a judgment constitutes a new judgment with its own time for appeal at least where the change is the subject matter to be reviewed.").  We thus have jurisdiction pursuant to 28 U.S.C. § 1291.  The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.

3

**B.    Settlement Agreement**

Kelly argues that the settlement agreement is not enforceable because he neither had the capacity to enter into it nor authorized Surkin to do so. Where, as here, there has been an evidentiary hearing and explicit findings of fact have been made, we review the District Court's decision to enforce a settlement agreement for clear error. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 n.5 (3d Cir. 1991). A settlement agreement is binding once the parties express mutual assent to its terms and conditions, *see Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 802 & n.1 (3d Cir. 1962), and need not be reduced to writing to be enforceable. *See Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970) (per curiam).

Kelly first contends that he did not have the capacity to enter into a settlement agreement because he was confused as a result of his diabetes medication. Based on the testimony introduced at the evidentiary hearing, the District Court rejected Kelly's claim, noting that Kelly initiated the call to Surkin, never indicated during the 30-45 minute discussion that he felt unwell, and did not appear to Surkin to be impaired or unable to understand the conversation. The District Court did not err in finding that Kelly had the capacity to enter into the settlement. *See Sobel v. Sobel*, 254 A.2d 649, 651 (Pa. 1969) (explaining that a person's mental capacity is best determined by his spoken words and his conduct, as well as the testimony of persons who observed such conduct on that date).

Kelly further argues that he did not authorize Surkin to convey the settlement offer to Boeing. As the District Court found, the testimony at the evidentiary hearing clearly showed that Kelly expressly authorized Surkin to convey a settlement offer of $225,000

4

to Boeing and that Boeing accepted. *See Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 221 (3d Cir. 2004) (holding attorney must have express authority to settle a client's claims). Kelly's subsequent refusal to execute the written agreement memorializing their settlement has no bearing on the enforceability of the settlement. *See Green*, 436 F.2d at 390.

## III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.