**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4239
_____

RAYMOND ZONG,
                                  Appellant

v.

MERRILL LYNCH PIERCE FENNER & SMITH, INC.,
A wholly owned Subsidiary of Bank of America Corp.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-03256)
Magistrate Judge:  Honorable Richard A. Lloret
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2015

Before:      AMBRO, GREENAWAY, JR., and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2015 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Raymond Zong, proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting the motion by Appellee Merrill Lynch, Pierce, Fenner and Smith, Inc. ("Merrill Lynch") to enforce a settlement and dismissing this case with prejudice. For the reasons set forth below, we will affirm the order of the District Court.[1]

The procedural history of this case and the details of Zong's claims are well-known to the parties and need not be discussed at length. In short, Zong commenced this civil action by filing a complaint in 2013 against his former employer, Merrill Lynch, pursuant to Title VII of the Civil Rights Act of 1964 ultimately alleging, *inter alia*, claims of racial discrimination and retaliation. The parties engaged in discovery, and after the exchange of documents and a few key depositions, the parties reached an initial settlement agreement in the matter on May 27, 2014.[2] After this initial settlement fell through, the District Court conducted a settlement conference on June 23, 2014. The parties reached a new settlement at that time that included an increased settlement payment to Zong. The parties agreed to the terms of the new settlement on the record. They further expressed their intention to reduce the agreed terms to a writing.

---

[1]    The parties consented to jurisdiction before the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Accordingly, this opinion refers to the relevant actions taken by the Magistrate Judge as those of the District Court.

[2]    Shortly before this time, Zong's attorney moved to withdraw as counsel. The District Court conducted a hearing on the motion on July 1, 2014, and granted counsel's motion to withdraw at the time.

After the agreement was put in writing and reviewed by Zong's attorney, but before Zong signed it, the District Court received an email from Zong alleging that his attorney "cheated" him and "misinformed" both Zong and the District Court about the status of a claim Zong filed with the Equal Employment Opportunity Commission. Zong alleged that his attorney "misled" him into settlement and asked the District Court to "please help cancel" the settlement agreement and reopen the negotiations. On June 30, 2014, Merrill Lynch moved to enforce the settlement reached on June 23, 2014. Zong opposed, arguing that the settlement was invalid because his agreement to the terms was based upon "false information" from his attorney. Zong further asserted that the motion to enforce was irrelevant because the written agreement prepared by Merrill Lynch provided that Zong had 21 days to decide to accept and sign the agreement, or to reject it. The District Court conducted an evidentiary hearing and heard argument on the motion on August 6, 2014.[3] The District Court concluded that Zong had agreed to settle the case at the June 23, 2014 settlement conference, and that the oral settlement agreement between the parties entered on the record that day was fully enforceable. By memorandum opinion and order dated September 22, 2014, the District Court granted the motion to enforce the settlement and dismissed the case with prejudice.

Zong filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291. When, as here, there has been an evidentiary hearing and explicit

---

[3] Although the District Court granted the motion to withdraw by Zong's attorney, his appearance was required at the August 6, 2014 hearing on the motion to enforce the

findings of fact have been made, we review the district court's factual findings for clear error, see Tiernan v. Devoe, 923 F.3d 1024, 1031 n.5 (3d Cir. 1991), and we exercise de novo review over any questions of law. See Covington v. Cont'l Gen. Tire, Inc., 381 F.3d 216, 218 (3d Cir. 2004).

We have considered the briefs and the appendices, including a transcript of the settlement conference on June 23, 2014, memorializing the settlement agreement of the parties, and the transcript of the August 6, 2014 evidentiary hearing and oral argument, concerning the motion to enforce the settlement. We agree with the District Court that a binding and enforceable agreement to settle Zong's Title VII action exists based on the oral agreement placed on the record at the June 23, 2014 settlement conference. "An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1971). This Court has long recognized a federal district court's equitable jurisdiction to enforce settlement agreements based upon oral representations made by the litigants before it. See Nelson v. American Dredging Co., 143 F.3d 789, 793 (3d Cir. 1998) (citing Green, 436 F.2d at 390; Good v. Pennsylvania Railroad Co., 384 F.2d 989, 990 (3d Cir. 1967)).[4]

_____

settlement.

[4] The Supreme Court has previously held that a district court lacks jurisdiction to enforce a settlement agreement following the dismissal of an action unless (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-80 (1994).

Zong was present at the settlement conference on June 23, 2014 with his then attorney, Andrew Cotlar, Esq., whom he had authorized to act on his behalf. The District Court facilitated the negotiations and the memorialization of the material terms on the record. The transcript from the settlement conference reflects that Zong was fully aware of, and understood, the terms of the settlement. Zong personally assented to the material terms of the settlement reached during the conference and explicitly agreed to settle his claims for a sum certain in exchange for releasing Merrill Lynch from liability on all pending and future claims. Zong expressed that he was entering the agreement willingly and with full knowledge of the circumstances, and that he was aware he could decline to enter the agreement that day and proceed with litigation. It was only after he received the written settlement documents and the clarification from his attorney regarding the status of his other EEOC claim that Zong sought to cancel the agreement reached by the parties.[5]

On appeal, Zong offers two primary arguments. Initially, he contends that his attorney "misinformed" and "misled" him at the settlement conference regarding the status of his second EEOC claim. Thus, Zong asserts that settlement agreement is invalid

Kokkonen is not applicable in these circumstances, however, because the District Court never entered an order of dismissal, and the motion to enforce the settlement was made before the District Court even had an opportunity to do so. The District Court had continuing jurisdiction during that time to rule on the motion.

[5] At the August 6, 2014 hearing, the District Court reviewed with Zong line by line the relevant portion of the June 23, 2014 transcript wherein Zong agreed to the terms of the settlement. Zong testified before the District Court on August 6, 2014 that he did in fact agree to the terms on June 23, 2014 and that he was telling the truth when he did so.

5

because he entered into it based on the fraudulent representations of his attorney. There is no support in the record for Zong's contention that he was "misinformed" and "misled" into settling this case on the basis of fraud sufficient to invalidate the agreement. Zong's argument to void the settlement relies on misconstrued facts. Cotlar told Zong that the EEOC had issued a right to sue letter on Zong's other claim, when in fact the EEOC had told Cotlar that it *would be* issuing such a letter. The letter was ultimately issued before the hearing on the motion to enforce the settlement. Zong portrays this as his attorney cheating, lying, and misleading him into settlement, but a full review of their correspondence indicates that this was a simple mistake that Cotlar quickly corrected.

Next, Zong argues that he properly exercised his legal rights under the written settlement documents to reject the agreement within 21 days. Zong asserts that he was told at the end of the settlement conference to wait for the settlement documents, and that that he had 21 days to make a decision on the settlement after receipt of those documents. Zong points specifically to paragraph 20 of the proposed settlement documents in support of his argument. The problem, of course, is that Zong never executed these documents, meaning that specific provision lacks any force or effect. Zong does not cite any legal authority supporting his claim that he had the right to rely on a provision in the unexecuted settlement documents in order to cancel a valid and enforceable oral agreement that the parties previously reached. Moreover, the transcript from the June 23, 2014 settlement conference makes clear that the material terms of the parties' agreement did not contemplate revocation in any form. To the extent Zong argues that the parties'

6

oral agreement somehow permitted him to revoke in the manner set forth in the subsequent written documents,[6] or in any other manner, this argument is unpersuasive.

We have carefully reviewed the rest of Zong's claims on appeal and find them also unpersuasive. For essentially the same reasons set forth by the District Court in its well-reasoned opinion, we will affirm the District Court's September 22, 2014 order.

---

[6] Merrill Lynch's brief clarifies that the revocation provision was designed to comply with the stringent requirements of the Older Workers Benefit Protection Act ("OWBPA"). Under the Age Discrimination in Employment Act ("ADEA"), as amended by the OWBPA, a waiver of ADEA claims must be "knowing and voluntary[,]" see 29 U.S.C. § 626(f)(1), and a release must satisfy eight statutory requirements set forth in 29 U.S.C. § 626(f)(1)(A)-(H) to serve as an effective waiver of ADEA claims. The Supreme Court has held that the OWBPA's statutory requirements on waivers are "strict" and "unqualified[,]" see Oubre v. Entergy Operations, Inc., 522 U.S. 422, 426-27 (1998), putting the onus on employers to comply and properly effect the waiver of ADEA claims. Here, the OWBPA itself has no relevance, as Zong did not bring any ADEA claims in the underlying action. And, as we have emphasized in the text, Zong never executed the documents containing the provision, so he cannot rely on any independent force they might have had.