BLD-070                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2235
_____

FRANCIS A. LOMBARDO,
                                          Appellant

v.

CORRECTION OFFICER RYAN FLYNN; SERGEANT BALUTA; JOSEPH PIAZZA;
JAMES LARSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:11-cv-02220)
District Judge: Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2019

Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed:  January 23, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Francis Lombardo appeals from the District Court's order denying his motion to reinstate action. For the reasons detailed below, we will summarily affirm.[1]

I.

In the District Court, Lombardo filed a pro se civil rights action against the defendants. After several years of litigation, the parties reached a settlement and signed a general release on November 30, 2017. As a result, the District Court dismissed Lombardo's action without prejudice, giving the parties 60 days to reinstate the action if the settlement was not consummated. On January 29, 2018, Lombardo filed a motion to reinstate action, stating that he did not want to consummate the settlement and requesting that the matter proceed to trial. Ultimately, the District Court denied the motion and afforded the parties extra time to consummate the settlement. Subsequently, Lombardo filed a motion for reconsideration, and then a notice of appeal.[2] On appeal, Lombardo filed a motion requesting transcripts at government's expense.

II.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm if no substantial question is presented on appeal. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

[2] The appeal was stayed pending disposition of his motion for reconsideration in the District Court. The stay was lifted once the District Court denied the motion. Because Lombardo did not file a new or amended notice of appeal embracing the District Court's order denying his motion for reconsideration, we will not review that order here. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

The District Court did not err in denying Lombardo's motion to reinstate action. We apply the law of the forum state – Pennsylvania – to the enforceability of the parties' settlement agreement and general release. See Tiernan v. Devoe, 923 F.2d 1024, 1033 (3d Cir.1991); Three Rivers Motor Co. v. Ford Motors Co., 522 F.2d 885, 892 (3d Cir. 1975). To be enforceable, a settlement agreement must possess all of the elements of a valid contract. See Mazzella v. Koken, 559 Pa. 216, 739 A.2d 531 (1999). "A signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." Three Rivers Motor Co., 522 F.2d at 892 (citing Kent v. Fair, 140 A.2d 445 (Pa. 1958)); see also Strickland v. Univ. of Scranton, 700 A.2d 979, 986 (Pa. Super. Ct. 1997).

Here, Lombardo has not challenged the validity of the settlement agreement and release. Rather, after talking with his family, he changed his mind and decided that the release neither sufficiently compensated him for his pain and suffering, nor "sanctioned" the defendants for their wrongdoing. But a settlement agreement, voluntarily entered into, is binding on the parties. See Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970). "Having second thoughts about the results of a valid settlement agreement does not justify setting [it] aside." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002) (alteration and internal quotation marks omitted). Thus, the District Court did not err when it denied Lombardo's motion to reinstate action.

Accordingly, we will summarily affirm the judgment of the District Court.[3]



---

[3] In light of the above, Lombardo's motion for transcripts is denied.  See 28 U.S.C. § 753(f) (explaining that transcripts may be provided at government expense to indigent appellants if "a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)"); Walker v. People Express Airlines, Inc., 886 F.2d 598, 600-01 (3d Cir. 1989).